Roger D. JONES, Movant,

v.

INSTITUTE OF ELECTRONIC TECHNOLOGY, and Workmen's Compensation Board, Respondents.

Supreme Court of Kentucky.

March 31, 1981.

Court of Appeals' opinion.

1. Cited as *Duberstein v. United States*, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), in the

Bill Graves, Paducah, for movant.

Earle T. Shoup, Paducah, Gerald Roberts, Director, Workers' Compensation Bd., Frankfort, for respondents.

STERNBERG, Justice.

This is a workers' compensation action. On October 9, 1975, movant suffered a work-related injury which resulted in the amputation of a portion of the distal phalange of the ring and little fingers on his right hand. As a result of these injuries movant, in due time, applied for workers' compensation. On February 7, 1978, the Board filed findings of fact and made an award of compensation. However, the Board made no finding, although it was in issue, as to whether KRS 342.730(1)(c)(27) was applicable. It found that movant should recover on the basis of scheduled benefits which are identified in KRS 342.-730(1)(c) and should be computed in keeping with *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968).

Movant appealed the award to the McCracken Circuit Court where the action of the Board was reversed. Respondent, Institute of Electronic Technology, appealed to the Court of Appeals of Kentucky where the action of the circuit court was reversed and the February 7, 1978, award of the Board was reinstated in accordance with its original terms. This court granted discretionary review on August 26, 1980. We reverse.

The statute which forms the basis for the issue raised in this action is KRS 342.-730(1)(c)(27), and provides as follows:

"If the effects of any of the injuries, or disabilities, from occupational diseases, or losses, mentioned in this section adversely affect a workman's ability to labor, or limit his occupational opportunities to obtain the kind of work he is customarily able to do, his compensation benefits shall not be limited to the amounts provided by this section, and he shall be awarded compensation benefits under some other applicable or appropriate section of this chapter which would provide more compensation benefits for his disability."

The evaluation of this statute, its purpose, and its effect on the extent of recovery where a claimant has received an injury to one of the scheduled members of the body is discussed at length in *Blair v. General Electric Company*, Ky., 565 S.W.2d 631 (1978).

Movant, who was 20 years of age at the time of his injury, was engaged in a college work-related program with his employer, respondent Institute of Electronic Technology. On June 25, 1976, movant returned to work and continued doing the same type of work that he was engaged in at the time of his injury until November 28, 1976, at which time the college work-study program ceased. Movant found himself on the open labor market, while continuing his studies.

*Blair*, supra, which was rendered by this court on May 2, 1978 (subsequent to the February 7, 1978, award), was brought to the attention of the McCracken Circuit Court, which in turn found that the Board did not make the necessary finding that the loss of the tips of two fingers would not affect movant's ability to labor in the future. The nearest the Board came to this finding is contained in paragraph 10 of its first findings of fact, and is as follows:

"Although the Plaintiff received the injury of October 9, 1975, his future earning capacity has not been reduced, in part due to the fact that he has completed his education in a specialized field of endeavor; in which his future earning capacity should be greater than at the time of the injury."

Respondents can take no consolation in this statement of the Board because shortly thereafter, in speaking of this finding, the Board said:

"The Claim is before the Board on Plaintiff's Motion to reopen the Award entered herein on February 7, 1978. We noted in the Opinion and Award that we were persuaded in part by the fact that the Board was under the impression that Plaintiff had graduated from the school and had gone on to work in his specialized field. Apparently, the finding was incorrect or at least inaccurate in the interpretation of the evidence filed."

The McCracken Circuit Court, being faced with the failure of the Board to make a finding on the dexterity of movant in keeping with the mandate of KRS 342.-730(1)(c)(27), remanded the case to the Board for a review of the facts pursuant to *Blair*, supra.

In *Blair* this court found, as a matter of law, that the loss of an eye entitles the claimant to the benefits of KRS 342.-730(1)(c)(27). *Blair* mandates that in any claim for damages to or loss of a member of the body the claimant is entitled to a finding by the Board as to whether the injury adversely affects the workman's ability to labor or his occupational opportunities. If so, then his compensation benefits shall not be limited to the schedule. Since the Board did not make such a finding, either affirmatively or in the negative, the circuit judge properly remanded the action to the Board for such a finding.

In those instances where the claimant has an injury to or suffers the loss of a member of the body and the extent of the injury brings him within the provisions of the subject statute, then, and in those cases, the much discussed and often abused "injury of appreciable proportions" proposition which is discussed in *Osborne v. Johnson*, supra, is not altogether applicable. The subject statute does not require a finding that the claimant has sustained an injury of appreciable proportions. All that is necessary is that a showing be made that the injury adversely affects (1) claimant's ability to labor or (2) his occupational opportunities. Care must be exercised so as not to overemphasize the "injury of appreciable proportions" proposition in these types of actions.

It is argued that the decision of the Board was supported by substantial evidence and that the court is bound by the findings of the Board. Even so, it does not present a challenge to the action of the circuit court since the question presented is not whether the decision of the Board was supported by substantial evidence. The

Board failed to make a finding on an essential element; consequently, there could be no supportive evidence for a finding which was not made. This court will not accept what is left of the findings of fact made by the Board as a finding that movant's injuries will not adversely affect his ability to labor or limit his occupational opportunities to obtain the kind of work he is customarily able to do.

For fear there may yet exist some misunderstanding of what we are holding in this case, which was likewise the holding in *Blair,* we reiterate that the Board must make a finding of whether the effects of any of the injuries or disabilities to a member of the body adversely affect claimant's ability to labor or limit his occupational opportunities to obtain the kind of work he is customarily able to do. If so, then, and in that event, his compensation benefits must not be limited to the price tag amounts, and he shall be awarded compensation benefits under some other applicable or appropriate section of KRS Chapter 342 which would provide more compensation benefits for his disability. In other words, as we have stated heretofore, the price tag statute provides a minimum amount of recovery. The Board did not make a proper finding. All that the circuit court did, and all that this court proposes to do is to require the Board to make a finding.

Other arguments presented by this record are sufficiently answered by the conclusion to which we have come, i. e., that the Board did not make the finding mandated by KRS 342.730(1)(c)(27).

We conclude this issue by paraphrasing *Blair* as follows: It is our conclusion that Jones is entitled to have his degree of occupational disability fixed by the Workers' Compensation Board, and if the benefits allowable on the basis of that disability exceed those that would be payable in accordance with an award under KRS 342.-370(1)(c)(8) and (9), he is to be compensated accordingly.

The decision of the Court of Appeals is reversed and the judgment of the McCracken Circuit Court is affirmed.

All concur.