**Nathan MITCHELL, Appellant,**

v.

**UNION CARBIDE CORPORATION and Aetna Life & Casualty Insurance Company; John Calhoun Wells, Commissioner of Labor and Custodian of the Special Fund; and Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

May 27, 1983.

Bill Graves, Paducah, for appellant.

Thomas B. Russell, Paducah, John E. Stephenson, Dept. of Labor, Louisville, for appellees.

Before COOPER, LESTER and PAXTON, JJ.

COOPER, Judge.

This is an appeal from a judgment of the circuit court affirming an opinion and award of the Workers' Compensation Board dismissing the employee's claim, ruling that the employee had not incurred an injury of appreciable portions. Furthermore, the Board found that such claim was barred by the statute of limitations. On appeal, the issue is whether the findings of fact of the Board are supported by reliable, probative, and material evidence contained in the whole record. KRS 342.285(3)(d). Reviewing the record below, we affirm.

In July of 1980, the appellant, Nathan Mitchell, filed an application for adjustment of claim for an alleged work-related injury he received in February of 1978, while an employee of the appellee, Union Carbide

Corporation. The injury to his back allegedly resulted from a co-worker throwing a snowball at him. Subsequent to the presentation of evidence, the Board issued an opinion and award, finding that the appellant had not sustained an injury of appreciable proportions. Furthermore, it found that the claim was barred by the two-year statute of limitation. KRS 342.185. On appeal to the circuit court, the opinion and award was affirmed. It is from such judgment that the appellant now appeals.

Initially, the appellant argues that the Board erred, as a matter of law, in requiring him to prove that he had sustained an injury of appreciable proportions. Rather, he argues that KRS 342.730(1)(c)(27) only requires the claimant to prove that his injury limits his occupational opportunities, or affects his ability to labor. Reviewing the record below, we reject such an argument.

KRS 342.730(1)(c)(27) has no application herein. Rather, it is concerned with the loss or injury to a member of the body for which there is a scheduled benefit. In effect, it allows the Board to award benefits for any injury which adversely affects the worker's ability to labor, or which limits his occupational opportunities. Although the appellant relies on the decision of the Court in *Jones v. Institute of Electronic Technology,* Ky., 613 S.W.2d 420 (1981), for the proposition that the Board erred in dismissing his claim as he did not sustain an "injury of appreciable proportions," the decision of the Court in *Jones* actually supports the Board's findings. There, the Court stated that where the claimant has an injury to, or suffers loss of, a member of the body as set forth in KRS 342.730(1)(c)(27), then all the claimant is required to show is that the injury in question adversely affects his ability to labor or his occupational opportunities. Here, the appellant's alleged injury did not involve a loss or injury to a member of the body. As such, that section of the Workers' Compensation Act is inapplicable.

Here, the record overwhelmingly supports the Board's finding that the appellant did not sustain an injury of appreciable proportions. In that its findings are supported by reliable, probative, and material evidence, such findings cannot be disturbed on appeal. In point of fact, the appellant has made no attempt to show that the evidence presented to the Board was so clear and convincing as to compel a finding in his favor. *See Lee v. International Harvester Company,* Ky., 373 S.W.2d 418 (1963).

Finally, we reject the appellant's argument that the Board erred in ruling that his claim was barred by the statute of limitations. Although the appellant does not deny that his Form 11 (Application for Adjustment of Claim) was filed more than two years after his initial injury, he argues that notwithstanding such action on his part, the employer is estopped from pleading the statute since it failed to comply with the notice requirement of KRS 342.186. Here, the appellee neither paid medical payments on behalf of the appellant, nor paid any disability payments to him since the alleged injury. Consequently, it was not required, under the language of KRS 342.186, to give the appellant any notice of the statute of limitations. In point of fact, from the beginning, the appellee-employer denied that the appellant had sustained any injury. As such, the notice required under the statute was inapplicable.

The judgment of the circuit court is affirmed.

All concur.