G. Phillip Williams, Williams & Wagoner, Carole Meller Pearlman, Louisville, for appellant.

J. Scott Getsinger, Newberg & Getsinger, Frankfort, for appellee, Franklin Rogers.

Before COMBS, HAYES and WEST, JJ.

**CITY OF FRANKFORT, Appellant,**

v.

**Franklin ROGERS and Workers' Compensation Board, Appellees.**

No. 88–CA–84–S.

Court of Appeals of Kentucky.

Oct. 21, 1988.

Discretionary Review Denied by Supreme Court March 29, 1989.

COMBS, Judge.

This appeal is from the judgment of the Franklin Circuit Court which reversed a decision of the Workers' Compensation Board (Board) and allowed the injured worker to proceed with his claim for benefits under KRS Chapter 342 despite the undisputed fact that he filed his claim after the passage of the statutory time frame of two years.

KRS 342.185 limits the time during which an injured worker may file a claim for workers' compensation benefits to two years from the date of the accident that caused the injury or, as in the case *sub judice*, two years from the date the employer ceased to voluntarily pay benefits to the injured worker.

KRS 342.040 unequivocally mandates that an employer who terminates voluntary

payments to one of its injured workers shall notify the Board of that fact. KRS 342.040 also provides that the Board shall then notify the worker of the employer's cessation of payments.

The facts of this case are simple and undisputed. Appellee, Franklin Rogers, was employed by the appellant, City of Frankfort, as a firefighter and emergency medical technician. He was injured in the course of his employment on January 21, 1983. Appellant voluntarily paid appellee temporary total benefits until May 11, 1983. Appellant did not at that time notify the Board that it had stopped paying appellee. Therefore, the Board obviously did not notify appellee that appellant would no longer compensate him for his injury.

Appellee filed a claim for workers' compensation on November 27, 1985, more than two years after the stoppage of voluntary payments. Appellant convinced the Board that the claim was untimely pursuant to KRS 342.185. The trial court reversed the Board's decision and allowed appellee to go forward with his claim. We unhesitatingly affirm the judgment of the trial court.

Our holding, simply put, is that an employer cannot blatantly disregard its statutory obligation under KRS 342.040 and thereby manufacture the defense of limitation under KRS 342.185. We can conceive of nothing more repulsive before the eyes of justice than a judicial reward for statutory noncompliance at the expense of an innocent injured worker.

Appellant argues that an employer's failure to comply with KRS 342.040 does not preclude it from asserting the defense of limitation under KRS 342.185. Appellant says that Rogers had a duty to exercise reasonable diligence to ascertain his rights, and should be presumed to have had knowledge of the statutory limitation.

Appellant cites *Pospisil v. Miller*, Ky., 343 S.W.2d 392 (1961), which held that a passenger injured in an automobile accident was barred from filing an action after the statutory one year period had passed, despite the insurance company's assurances to her that she would be compensated. That case was concerned only with KRS Chapter 413, Kentucky's Limitation of Action laws. Clearly, Chapter 413 does not impose an affirmative duty on anyone to notify a potential adverse litigant of the limited period during which suit may be brought. KRS 342.040 does impose a duty on an employer to inform the Board and on the Board to inform an injured worker of the employer's cessation of voluntary payment of benefits.

Appellant also cites *Cuppy v. General Accident Fire & Life Assurance Corp.*, Ky., 378 S.W.2d 629 (1964), in which the holding was similar to that in *Pospisil, supra,* and again concerned the limitations of Chapter 413. Those two cases and this workers' compensation case are as different as night and day.

Appellant argues that the trial court misplaced its reliance upon *Lanier v. Fish & Wildlife Division*, Ky.App., 605 S.W.2d 18 (1979). That case at least dealt with KRS Chapter 342, albeit a portion of the act that has since been repealed. Nevertheless, the rationale of *Lanier, supra,* bears a striking resemblance to this case. It held that when an employer failed to comply with KRS 342.186 (repealed Kentucky Acts 1980) which required the employer to notify the injured employee of the applicable statute of limitation, that employer is estopped from asserting limitation as a defense. We think that the trial court's reliance upon *Lanier, supra,* is well placed but not essential to its judgment or our affirmation because the workers' compensation statutes here involved are by themselves quite dispositive of the issue.

The judgment of the Franklin Circuit Court is affirmed.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.