Vicki G. NEWBERG, Acting Director of Special Fund, Appellant,

v.

Harold HUDSON; Highland Coal Co.; Richard H. Campbell, Administrative Law Judge; and Workers' Compensation Board, Appellees.

HIGHLAND COAL COMPANY, Appellant,

v.

Harold HUDSON; Larry D. Beale, Director of Special Fund; Richard H. Campbell, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Nos. 91–SC–735–WC, 91–SC–736–WC.

Supreme Court of Kentucky.

June 4, 1992.

As Modified on Denial of Rehearing Sept. 3, 1992.

Case Ordered Published by Supreme Court Sept. 3, 1992.

John E. Stephenson, Labor Cabinet—Special Fund, Louisville, for Newberg, Acting Director of Special Fund.

Timothy Joe Walker, Reece, Lang and Breeding, P.S.C., London, for Highland Coal Co.

Thomas W. Moak, Martin, for appellee Hudson.

STEPHENS, Chief Justice.

The contested issues in this workers' compensation case involve the employer's notification obligations under KRS 342.038 and KRS 342.040 and the effect of an employer's failure to comply with these provisions. KRS 342.038 requires an employer to notify the Workers' Compensation Board (Board) of a work-related injury. KRS 342.040 requires the employer to notify the Board of the employer's termination of compensation payments or of the failure to make payments when due. KRS 342.040 also places a duty upon the Board to then notify an employee of his or her right to prosecute a claim. Although KRS 342.990 authorizes the assessment of civil penalties against an employer for failure to comply with KRS 342.038, and civil or criminal penalties for failure to comply with KRS 342.040, the question presented by this case is whether, and under what circumstances, noncompliance with those provisions will bar an employer from relying upon the two-year statute of limitations for filing a claim contained in KRS 342.185.

The claimant was employed by Highland Coal Company (Highland) as a heavy equipment operator from 1983 until August, 1987. Prior to his tenure with Highland, claimant suffered a cervical injury, the symptoms of which were alleviated by surgery in 1974. The Administrative Law Judge (ALJ) found that claimant also sustained a work-related injury to his back on October 28, 1985. Claimant finished his workday on the 28th and sought medical treatment the next day. Claimant's family physician referred him to Dr. Travis, a neurosurgeon. Claimant missed one day of work when he saw Dr. Travis on November 19, 1985. Dr. Travis hospitalized claimant on December 1, 1985, for a period of six days. This was the first time that claimant missed more than one day of work. Claimant returned to work on January 13, 1986, until August 7, 1987. He filed his application for adjustment of claim on November 23, 1987, over two years after the date of injury.

The ALJ found that claimant suffered an occupational disability of 100%, and apportioned liability 30% to the employer, 45% to the Special Fund, with the remaining 25% excluded as noncompensable, prior-active disability.

The issue of notice to the employer was sharply contested by the parties. Claimant's foreman and the Superintendent at Highland testified that claimant had complained of pain at work, but they were not aware that claimant attributed his discomfort to any work-related injury but believed it was due to a calcium buildup in his shoulder. Claimant maintained that he informed his foreman of an on-the-job-injury.

His testimony was corroborated by a coworker who overheard the conversation during a dinner break, and for this reason, the ALJ resolved the notice issue in claimant's favor.

In any event, the foreman did not record notice of a work-related injury, nor did Highland file a first report of injury with the Department, pursuant to KRS 342.-038(1) which provides:

> (1) Every employer subject to this chapter shall keep a record of all injuries fatal or otherwise, received by his employes in the course of their employment. Within one (1) week after the occurrence and knowledge, as provided in KRS 342.-185 to 342.200, of an injury to an employe causing his absence from work for more than one (1) day, a report thereof shall be made in writing and mailed to the board on blanks procured from the board for the purpose.

Nor did the employer comply with the notice requirement contained in KRS 342.-040(1) which provides:

> (1) Except as provided in KRS 342.020, no compensation shall be payable for the first seven days of disability unless disability continues for a period of more than two weeks, in which case compensation shall be allowed from the first day of disability. All compensation shall be payable on the regular payday of the employer, commencing with the first regular payday after seven days after the injury or disability resulting from an occupational disease, with interest at the rate of twelve percent (12%) per annum on each installment from the time it is due until paid. In no event shall income benefits be instituted later than the 15th day after the employer has knowledge of the disability or death. Benefits shall be due and payable not less often than semi-monthly. If the employer should terminate, or fail to make payments when due, the employer shall notify the board of such termination or failure to make payments and the board shall, in writing, advise the employe or known dependent of right to prosecute a claim under this chapter.

Claimant relied upon Highland's failure to comply with these notice provisions to estop Highland from asserting a statute of limitations defense. The ALJ found that after Highland was put on notice of claimant's injury in October, 1985, Highland failed to perform its duties under KRS 342.038 to inform the Board of a work-related injury or under KRS 342.040 to notify the Board of its failure to make compensation payments, so that the Board was thereby precluded from performing its duty under KRS 342.040 to notify the claimant of his right to prosecute a claim.[1] For these reasons, the ALJ did not permit Highland to rely upon the Statute of Limitations defense to bar the claim, citing *City of Frankfort v. Rogers,* Ky.App., 765 S.W.2d 579 (1989).

The Workers' Compensation Board (Board) held that the ALJ erred in his reliance upon *Rogers,* wherein the employer made voluntary, temporary, total disability payments to the injured worker which toll the statute of limitations. KRS 342.-185. The employer in *Rogers* failed to notify the Board of the termination of these payments as required by KRS 342.040, and therefore the court held that the employer could not assert the statute of limitations defense to bar the claim.

> Our holding, simply put, is that an employer cannot blatantly disregard its statutory obligation under KRS 342.040 and thereby manufacture the defense of limitation under KRS 342.185. We can conceive of nothing more repulsive before the eyes of justice than a judicial reward for statutory noncompliance at the expense of an innocent injured worker.

*Rogers* at 580.

In the case at bar, Highland did not pay any temporary, total disability benefits.[2]

---

1. The Board acknowledged in its opinion below that its duty to advise a worker of the right to prosecute a claim would also include information regarding the applicable statute of limitations.

2. The ALJ expressly found that the payments to claimant under Highland's sickness and accident disability plan were not in lieu of workers' compensation income benefits. *Moore v. Seagraves Coal Co.,* Ky., 441 S.W.2d 771 (1969).

When claimant missed work in December, 1985, through January, 1986, Highland's personnel coordinator gave claimant a form to complete for weekly sickness payments under the company's policy. This form calls upon the employee to indicate whether an accident was involved in causing the injury, and if so, when the accident occurred and whether it occurred at work. The form also requested a brief description of the accident. Claimant did not answer any of these inquiries and left the spaces blank. Highland has asserted throughout these proceedings that it was simply unaware that claimant was alleging an occupational disability, until August, 1987, almost two years after the accident, upon information received from claimant's wife.

The Board reversed the opinion and award of the ALJ reasoning that where the employer in good faith was not aware of a work-related injury, or did not act in bad faith in failing to comply with notice requirements, said failure did not rise to the level of employer misconduct, as exhibited in the *Rogers* case, sufficient to invoke general principles of fairness and deprive the employer of the limitations defense. The Board relied upon *Mitchell v. Union Carbide Corp.*, Ky.App., 655 S.W.2d 17 (1983), wherein the claimant filed for benefits for an alleged work-related injury more than two years after the injury. The worker argued that the statute of limitations had been tolled by the employer's failure to comply with the notice requirement of now-repealed KRS 342.186.[3] The court held that since the employer paid neither medical payments nor disability payments, it was not required under KRS 342.186 to give the appellant any notice of the statute of limitations in light of the employer's denial from the outset that claimant had sustained any injury.

The Board also stated another basis for reversing the ALJ as a matter of law. The date of injury was October 28, 1985, and therefore the time period for filing the claim expired on October 28, 1987. The

Form 11, application for adjustment of claim was filed on November 23, 1987. The Board noted that the form was signed and acknowledged by claimant on October 23, 1987, five days before the deadline. The Board concluded, "[t]he reason why this claim was not timely filed lies solely with the office of counsel for Hudson. There was ample time from October 23, 1987, to October 27, 1987, to have filed Hudson's application for compensation. Thus, Highland's failure to comply, if it was so required, with KRS 342.040 is immaterial."

The Court of Appeals reversed the decision of the Board and reinstated the opinion and award of the ALJ. The court apparently agreed with the Board that any failure to comply with KRS 342.038 and KRS 342.040 at the time of the accident in October, 1985, or at the time claimant was absent from work for more than one day in December, 1985, did not toll the statute of limitations. The court concluded, however, that because Highland did not comply with KRS 342.040 in August, 1987, when it learned of the potential workers' compensation claim, the *Rogers* decision did control in this case.

KRS 342.185, which contains the two-year statute of limitations, provides that the limitations period will be tolled by the voluntary payment of income benefits. This is the only exception to the two year filing requirement contained in KRS 342.185.[4] While statutes of limitation protect employers from the problems associated with litigating stale claims, the statutory exception recognizes that a worker may be lulled into a false sense of security by voluntary payments and might fail to actively pursue a claim. The *Rogers* decision guarantees the protection afforded a worker by prohibiting an employer from manufacturing the statute of limitations defense by failing to notify the Board of the termination of voluntary payments pursuant to KRS 342.040. We believe that fair play dictates such a result.

---

**3.** KRS 342.186, repealed in 1980, provided that "An employer shall notify any employe who has received an injury or illness of the statute of limitations applicable to the injury or illness,

not later than thirty (30) days prior to the expiration date."

**4.** KRS 342.210 also tolls the limitations period for minors and incompetents.

With this in mind, we note that the case at bar differs from the *Rogers* case because claimant was not lulled into a sense of security by the voluntary payment of compensation benefits. However, KRS 342.040 guarantees that an employee will be notified of his or her right to prosecute a claim upon the employer's termination of compensation payments or upon the employer's failure to make those payments when due. Whether the statute of limitations will be tolled by the employer's failure to trigger this notification scheme when it has failed to make payments when due will depend upon the facts and circumstances of each case. In other words, whether the facts in this case compel a similar result as that reached in *Rogers* depends upon whether the employer blatantly manufactured the limitations defense.

At this point it is appropriate to review the previous notification requirement. Under now-repealed KRS 342.186, the employer had the express duty of informing an employee who had received an injury or illness of the statute of limitations. The case relied upon by the Board below, *Mitchell, supra,* was decided under KRS 342.186. In that case, the employer was not estopped from pleading the limitations defense even though it had not complied with the notice requirement where there was no evidence of bad faith. In a case reaching the opposite result under former KRS 342.186, the court stated that the purpose of the statute was to "prevent the employer from taking advantage of an unwary employee and to place him on notice of the fact that [the employee's] action would terminate without affirmative decision on his part." *Lanier v. Com. Fish and Wildlife Division,* Ky.App., 605 S.W.2d 18, 19 (1979).

KRS 342.186 was repealed in 1980, and therefore the only remaining statutory provision requiring notification to the employee is that contained in KRS 342.040 which places the burden, more appropriately we think, on a neutral party, the Board. The Board's duty, however, is triggered only when the employer has met its obligation. Therefore, the protection afforded the employee is still contingent upon the employer's performance. Clearly, the only function served by informing an employee of his or her right to prosecute an action, is to protect an unwary employee from his or her own inaction. Under certain circumstances, when an employer fails to fulfill its statutory obligation and thereby precludes the Board from notifying the employee of his or her right to prosecute a claim, fairness dictates that the employer's noncompliance will preclude its reliance upon the statute of limitations so that the protection that is intended to benefit the employee is not thwarted by the employer for the employer's own benefit.

The ALJ relied upon the effect of KRS 342.038 and KRS 342.040 operating together to foreclose the employer's reliance upon the statute of limitations. Because KRS 342.038 contains no employee notification provision, any failure to comply with that provision would not preclude the employer from relying upon other provisions in the Act. The ALJ concluded, however, that once an employer is obligated to comply with KRS 342.038, it is in turn obligated to comply with KRS 342.040 which does contain the employee notification provision.

KRS 342.038 requires the employer to file a first report of injury upon the employer's knowledge, as provided in KRS 342.185 to KRS 342.200, of a work-related injury causing an employee's absence from work for more than one day. KRS 342.185 requires that an employee give notice of the accident to an employer as soon as practicable after the occurrence. KRS 342.190 provides that the notice shall be in writing, and KRS 342.195 provides for the service of notice. KRS 342.197 prohibits discrimination against employees who have filed worker's compensation claims. Finally, KRS 342.200 provides that notice shall not be invalid or insufficient because of any inaccuracy in complying with KRS 342.190 unless the employer was misled as to the injury and that want of notice or delay in giving notice shall not be a bar to proceedings under this chapter if it is shown that the employer had knowledge of the injury or that the failure to give notice was occasioned by mistake or other reasonable cause.

Disputes over the employee's notice obligations as contained in KRS 342.185 to KRS 342.200 most often arise upon the assertion by the employer of lack of notice. Highland raised this defense in the case at bar. The claimant maintained that he informed his foreman of the accident during a dinner break the next day. A co-worker's testimony regarding the conversation he overheard was that claimant told his foreman that "he was coming off that hill and he'd hurt his back and he had to go to the doctor...." The ALJ, faced with conflicting evidence on the issue of notice of an accident to the employer, found that based upon this corroborating testimony, claimant had provided adequate notice on the day after the accident sufficient to rebut the employer's assertion. Although claimant did not provide notice in writing pursuant to KRS 342.190, the ALJ found that Highland had sufficient knowledge to satisfy the requirement. KRS 342.200.

■ While we would not disturb this finding by the ALJ, we are not convinced that a retrospective finding of notice to the employer which may trigger the employer's obligations under KRS 342.038 and KRS 342.040, would also render the employer's noncompliance so unjust an act as to compel a decision in equity, considering the circumstances of this case. We say this because KRS 342.038 requires an employer to notify the Board within one (1) week after the occurrence and knowledge, as provided in KRS 342.185 to 342.200, of an injury to an employee *causing his absence from work for more than one day.* The employer's obligation is not triggered merely by the notice of an accident as provided in KRS 342.185 to KRS 342.200, but by said notice coupled with an absence from work for more than one day. When the employee is not absent from work until some time after the accident, the employer may be legitimately unaware that the absence is due to the previous occupational injury. As stated by the Board, "[t]he problem is that retrospectively, Highland is now charged with notice of the work-connected injury and the question is whether it can be retroactively required to comply with KRS 342.040 and required retroactive-

ly to have had the duty of notifying the Board of failure to make compensation payments in December, 1985 and January, 1986."

■ In this case, at the time of the accident in October, when the employee gave notice of the accident, the employer had no obligation to notify the Board under KRS 342.038. Claimant did not miss more than one day of work until December, about 30 days after the accident and notice to the employer. Therefore, the employer's obligation to file a first report of injury could not have arisen until December. At this point, claimant failed to specify the alleged work-relatedness of his disability on the forms supplied by Highland.

The problem inherent to this set of circumstances is obvious. Because the ALJ found that claimant had notified Highland of the accident, the ALJ concluded that Highland was also attributed with the knowledge that claimant's absence from work about 30 days later was the result of the accident, so that at this point, Highland was required to file a first report of injury with the Board and notice that it would not make compensation payments. Although KRS 342.990 authorizes penalty assessments for noncompliance with KRS 342.038 and KRS 342.040, the ALJ invoked the equitable principle of estoppel to preclude Highland from asserting the statute of limitations defense. We might not be so disturbed by this result had the employer made no attempt to ascertain the cause of claimant's disability, or if there was evidence that the employer acted in bad faith and blatantly manufactured the limitations defense. However, in this case, there was no evidence of bad faith or even a hint of employer misconduct in the findings by the ALJ sufficient to compel a decision in equity.

This is not to hold, however, that an equitable resolution is never compelled; but where there is no evidence that the employer's noncompliance with the notice provisions was in bad faith and there is evidence of a good-faith attempt to ascertain the reason behind an employee's absence from work, we do not believe that the equitable principle of estoppel applies, and an employer's punishment is properly

**390**

limited to those penalties contained in KRS 342.990. Our decision is not altered, as was the Court of Appeals', by Highland's admission that some time in August, 1987, almost two years after the accident and two months before claimant filed his application, its personnel coordinator happened upon the information from claimant's wife that he was alleging an occupational disability.

KRS 342.040 provides that if the employer should terminate, or fail to make payments when due, the employer shall notify the Board of such termination or failure to make payments, and the Board shall advise the employee of his or her right to prosecute a claim under the Act. Although the statute does not provide that failure to comply with its provisions will result in tolling the statute of limitations, the *Rogers* decision recognized that employer misconduct or the blatant manufacture of the limitations defense cannot be successful under general principles of equity.

We agree that fairness should be a component of any statutorily based decision when bad faith in the blatant manufacture of a defense is involved. Fortunately, fairness is not a stranger in this area of the law, and we have repeatedly held that a false representation or fraudulent concealment will toll the statute of limitations. *Logan Mfg. Co. v. Bradley*, Ky., 476 S.W.2d 819 (1972); *Cowden Mfg. Co. v. Fultz*, Ky., 472 S.W.2d 679 (1971); *Starks Realty Co. v. French*, 267 Ky. 255, 101 S.W.2d 946 (1937).

In this case, because there is no evidence of bad faith on the part of Highland, we agree with the Board that Highland was not precluded from raising the statute of limitations defense.

For these reasons, the decision of the Court of Appeals is reversed, and this action is remanded to the Administrative Law Judge for entry of an order dismissing the claim.

All concur.