**J & V COAL COMPANY, Appellant,**

v.

**Raymond HALL; J. Landon Overfield, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 2001–SC–0349–WC.**

Supreme Court of Kentucky.

Dec. 20, 2001.

Paul E. Jones, Jones & Walters, PLLC, Pikeville, Counsel for Appellant.

Ronald E. Thornsberry, Thornsberry, Brown, Lycan & Newman, PLLC, Lexington, Counsel for Raymond Hall.

## OPINION OF THE COURT

The claimant alleged that he injured his neck and back while working for the defendant-employer, that he notified his shift supervisor shortly thereafter, and that together they repaired his hard hat before continuing to work. He worked in pain for approximately a month before seeking medical treatment and admitted that he missed no more than five consecutive days of work due to the accident until sometime after the claim was filed. The claim was filed more than two years after the accident. No First Report of Injury (Form SF–1) was on record with the Department of Workers' Claims, and the employer not only denied knowledge of the injury but asserted that the claim was barred by the statute of limitations; thus, the claim was bifurcated for a decision on the questions of notice and limitations. Although the Administrative Law Judge (ALJ) determined that the claimant did sustain the alleged injury and did give timely notice, the claim was dismissed as being untimely, and the decision was affirmed by the Workers' Compensation Board (Board). The Court of Appeals determined, however, that just as KRS 342.038(1) and KRS 342.040(1) operate together to preclude an employer from manufacturing a limitations defense, they also preclude an employer from asserting a limitations defense if it has failed to file a required Form SF–1. This appeal by the employer followed.

The claimant's testimony concerning his April 19, 1997, accident was unrebutted. Also unrebutted was his testimony that he continued to work in pain for about three weeks before advising his employer that he would require medical treatment and seeking such treatment locally on May 19, 1997. He introduced a copy of a letter, signed by the employer's secretary and dated July 7, 1997, indicating that medical bills for the injury should be sent to the employer. On that date, he began treatment with Dr. Mirani at the University of Kentucky Department of Physical Medicine and Rehabilitation for persistent neck pain and headaches. A subsequent MRI revealed abnormalities at C5–6 and C6–7, after which Dr. Mirani recommended physical therapy. Medical records indicated that the claimant received such therapy

from August 6–22, 1997. The claimant testified that in November, 1997, he missed five days of work due to the injury and introduced hospital records that indicated he sought emergency room treatment of head and neck pain on October 10 and 12, 1997, and that he underwent a CT scan on November 15, 1997. After being laid off in December, 1997, he obtained other employment. He filed this workers' compensation claim against the defendant-employer on May 27, 1999, more than two years after the accident.

When deposed on February 8, 2000, he testified that approximately six months earlier he had been forced to quit the subsequent employment due to pain from his injury and that he was receiving social security disability benefits. Although recognizing that his claim was filed more than two years after the accident, he asserted that he had received no notice of the applicable period of limitations and that the employer's failure to file a Form SF–1 after he missed work due to the injury should preclude it from asserting a limitations defense.

In dismissing the claim, the ALJ noted that although the employer had failed to file a required Form SF–1, the filing of that form did not trigger the claimant's right to notice of his right to prosecute a claim as set forth in KRS 342.040. Furthermore, the ALJ noted, because the claimant did not miss more than two weeks of work before the claim was filed, he never became entitled to such notice. For that reason, the ALJ was not persuaded that the employer's failure to file a Form SF–1 estopped it from asserting a limitations defense on these facts.

KRS 342.038(1) and (3) require employers to keep a record of all injuries that occur in the course of the employment and also to notify their insurance carrier or other party that is responsible for the payment of workers' compensation benefits of any work-related injury within three working days of being notified of the underlying incident. KRS 342.038(1) also requires the employer to notify the Department of Workers' Claims within one week of an injury that causes a worker to be absent from work for more than one day. The form that is used to provide such notice is the SF–1.

KRS 342.040(1) provides, in pertinent part, as follows:

> ... no income benefits shall be payable for the first seven (7) days of disability unless disability continues for a period of more than two (2) weeks, in which case income benefits shall be allowed from the first day of disability. All income benefits shall be payable on the regular payday of the employer, commencing with the first regular payday after seven (7) days after the injury or disability resulting from an occupational disease, with interest at the rate of twelve percent (12%) per annum on each installment from the time it is due until paid.... In no event shall income benefits be instituted later than the fifteenth day after the employer has knowledge of the disability or death. Income benefits shall be due and payable not less often than semimonthly. If the employer's insurance carrier or other party responsible for the payment of workers' compensation benefits should terminate or fail to make payments when due, that party shall notify the commissioner of the termination or failure to make payments and the commissioner shall, in writing, advise the employee or known dependent of right to prosecute a claim under this chapter.

KRS 342.185 provides that a claim must be filed within two years of the date of accident or within two years of the last payment of voluntary income benefits,

whichever is later. It has long been recognized that KRS 342.185 operates together with KRS 342.040(1) and tolls the period of limitations until after the payment of voluntary income benefits ceases in order to protect injured workers from being lulled into a false sense of security by receiving such payments and, therefore, failing to actively pursue a claim. *See City of Frankfort v. Rogers,* Ky.App., 765 S.W.2d 579, 580 (1988). Likewise, KRS 342.040(1) clearly requires an employer who fails to pay income benefits that are due to notify the commissioner of such failure. An employer who fails to comply with KRS 342.040(1) is not permitted to raise a limitations defense because its action effectively prevents the commissioner from complying with its duty under KRS 342.040(1) to notify the worker of his right to prosecute a claim and of the applicable period of limitations. *Id.* By requiring an employer to file a Form SF–1 when an injured worker misses one day of work due to a work-related injury, KRS 342.038(1) puts the employer on record as admitting the existence of the injury. This prevents the employer from later manufacturing a limitations defense by denying knowledge of the injury and asserting, therefore, that it had no obligation under KRS 342.040(1) to notify the commissioner that it either terminated or failed to pay income benefits that were due.

In *Newberg v. Hudson,* Ky., 838 S.W.2d 384 (1992), the claim was filed more than two years after the accident. The employer asserted that it was not given timely notice of the accident and raised a limitations defense. Evidence indicated that some time after the accident the worker missed approximately a month of work due to the injury, but he failed to inform the employer of the reason for his absence. Thus, the employer did not report the injury, make voluntary payments, or notify the Board of its failure to do so.[1] Although the worker did not provide written notice, the ALJ resolved the issue in the worker's favor, and the worker asserted on appeal that the employer's failure to comply with KRS 342.038(1) and KRS 342.040(1) estopped it from relying on a limitations defense. We noted, however, that estoppel is an equitable remedy and that the appropriateness of its application depends on the facts and circumstances of each case. We pointed out that although the employer had failed to report the injury, there was no evidence that its failure to do so was part of an attempt to manufacture a limitations defense. Concluding that the employer's conduct was not in bad faith, we determined that it did not warrant the application of an equitable remedy in order to toll the period of limitations.

In the instant case, the employer paid no voluntary income benefits, and the claimant did not miss work due to his injury for more than two weeks at any time before the period of limitations expired. Thus, even if the employer had reported the claimant's injury as was required by KRS 342.038(1), he would not have been entitled to notice concerning his right to prosecute a claim as set forth in KRS 342.040(1). Under those circumstances, we are not persuaded that the facts of this case compel the application of an equitable remedy in order to toll the period of limitations.

The decision of the Court of Appeals is reversed, and the decision of the ALJ is reinstated.

---

1. Notice was given to the Board under the version of KRS 342.040(1) that was effective at the time.

LAMBERT, C.J., and COOPER, JOHNSTONE, KELLER, and WINTERSHEIMER, JJ., concur.

GRAVES and STUMBO, JJ., dissent and would affirm the Court of Appeals' decision.