Angie PATRICK, Appellant,

v.

**CHRISTOPHER EAST HEALTH CARE; Hon. Roger D. Riggs, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2003–SC–0678–WC.

Supreme Court of Kentucky.

Aug. 26, 2004.

As Corrected Aug. 27, 2004.

James D. Howes, George M. Streckfus, Howes & Associates, Louisville, Counsel for Appellant.

Laurie Goetz Kemp, Woodward, Hobson & Fulton, Louisville, Counsel for Appellee.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) dismissed the claimant's application for benefits on the ground that it was filed more than two years after the date of injury and, therefore, was barred by KRS 342.185. The Workers' Compensation Board and the Court of Appeals affirmed. Appealing, the claimant maintains that her application was timely because the period of limitations was tolled by the employer's delay in notifying the Department of Workers' Claims (Department) of its refusal to pay voluntary temporary total disability (TTD) benefits. We affirm.

On September 12, 1999, the claimant injured her back while working. She notified her supervisor immediately and sought medical treatment. She testified that she worked for one day after the injury and has not worked since then. The employer failed to pay voluntary TTD benefits.

The employer filed a Form IA–1 (First Report of Injury) with the Department on October 26, 1999. On November 19, 1999, the employer filed a Form IA–2 (Subsequent Report of Injury), indicating that it was denying the claim. On that same day, the Department issued a letter to the claimant which stated, in pertinent part, as follows:

RE: File: 99–60803

Injury Date: 9/12/99

The Department of Workers Claims recently received notice from your employer's workers compensation claims administrator that your claim alleging a work-related injury/illness had been denied.

It you are disabled, or, require medical treatment as the result of an injury or disease arising out of your employment, you may file an 'Application for Resolution of Claim' with the Department. A claim, including one for medical expenses, must be filed within two years after the date your injury occurred, or, within two years after your employer or its insurance carrier/claims administrator last made a voluntary payment of *income* benefits to you.

If you fail to file a claim for benefits within the above time frame, any claim for benefits will be barred as a result of this injury/illness.

The claimant testified that she received the Department's letter sometime in November, 1999. She filed an application for benefits on September 28, 2001. The employer asserted, however, that it was barred by limitations.

■ Relying on 803 KAR 25:170, Section 2(2)(a), the claimant argued that the period of limitations was tolled by the employer's failure to inform the Department within one week of its refusal to pay voluntary TTD. The ALJ rejected the argument, however, on the ground that the regulation did not apply to a refusal to pay benefits. Furthermore, the ALJ determined that *City of Frankfort v. Rogers,* Ky.App., 765 S.W.2d 579 (1988), was distinguishable inasmuch as, there, the employer had failed to notify the Department of the worker's injury altogether. Noting that the claimant received no TTD benefits; that in November, 1999, she received the Department's letter informing her that a claim must be filed within two years of the date of injury; and that she failed to file her application within two years of the date of injury, the ALJ determined that the claim was barred by limitations and dismissed it.

The applicable versions of KRS 342.038(1) and (3) require employers to keep a record of all injuries that occur in the course of the employment and to notify their workers' compensation insurance carrier of any work-related injury within three working days of being notified of the underlying incident. KRS 342.038(1) also requires the employer to notify the Department of Workers' Claims within one week of an injury that causes a worker to be absent from work for more than one day. The form that is used to provide such notice is the IA–1.

KRS 342.040(1) provides, in pertinent part, as follows:

... no income benefits shall be payable for the first seven (7) days of disability unless disability continues for a period of more than two (2) weeks, in which case income benefits shall be allowed from the first day of disability. All income benefits shall be payable on the regular payday of the employer, commencing with the first regular payday after seven (7) days after the injury or disability resulting from an occupational disease, with interest at the rate of twelve percent (12%) per annum on each installment from the time it is due until paid .... In no event shall income benefits be instituted later than the fifteenth day after the employer has knowledge of the disability or death. Income benefits shall be due and payable not less often than semimonthly. If the employer's insurance carrier or other party responsible for the payment of workers' compensation benefits should terminate or fail to make payments when due, that party shall notify the commissioner of the termination or failure to make payments and the commissioner shall, in writing, advise the employee or known dependent of right to prosecute a claim under this chapter.

KRS 342.185 provides that a claim must be filed within two years of the date of accident or within two years of the last payment of voluntary income benefits, whichever is later. It has long been recognized that KRS 342.185 operates together with KRS 342.040(1) and tolls the period of limitations until after the payment of voluntary income benefits ceases. This is to protect injured workers from being lulled into a false sense of security by receiving such payments and, therefore, failing to actively pursue a claim. *See City of Frankfort v. Rogers, supra* at 580. Likewise, KRS 342.040(1) clearly requires an employer who fails to pay income benefits that are due to notify the commissioner of such failure. An employer who fails to comply with KRS 342.040(1) is not permitted to raise a limitations defense because its action effectively prevents the commissioner from complying with its duty under KRS 342.040(1) to notify the worker of his

right to prosecute a claim and of the applicable period of limitations. *Id.* By requiring an employer to file a Form IA–1 when an injured worker misses more than one day of work due to a work-related injury, KRS 342.038(1) puts the employer on record as admitting the existence of the injury. This prevents the employer from later manufacturing a limitations defense by denying knowledge of the injury and asserting, therefore, that it had no obligation under KRS 342.040(1) to notify the commissioner that it either terminated or failed to pay income benefits that were due.

Effective February 18, 1999, 803 KAR 25:170, Section 2 provided, in pertinent part, as follows:

> (2) Beginning with work-related injuries and occupational diseases reported to employers on or after January 1, 1996, each carrier shall file the information required on the Form IA–2 with the data collection agent or a value added network designated by the Department of Workers' Claims, in electronic format:
>
> (a) As soon as practicable and not later than one (1) week from the date payments to an employee are *commenced, terminated, changed, or resumed. . . .* (emphasis added).

It is apparent that 803 KAR 25:170, Section 2(2)(a) helps to effectuate KRS 342.040(1) and KRS 342.185 by stating a time within which the Department must be notified that voluntary TTD is commenced, terminated, changed, or resumed. It is equally apparent that the regulation does not pertain to situations where no voluntary benefits are paid and does not require an employer to notify the Department within one week of its refusal to pay voluntary TTD benefits.

KRS 342.990 provides civil penalties for violations of KRS 342.038 and KRS 342.040. Estoppel is an equitable remedy, the application of which depends on the facts and circumstances of each case. *See Lizdo v. Gentec Equipment*, Ky., 74 S.W.3d 703 (2002); *J & V. Coal Co. v. Hall*, Ky., 62 S.W.3d 392 (2001). As we explained in *Newberg v. Hudson*, Ky., 838 S.W.2d 384, 389 (1992), estoppel is generally reserved for situations where there is evidence of misconduct on the employer's part, such as attempting to manufacture a limitations defense. Mr. Hudson's employer failed to report his injury to the Department because he did not miss more than a day's work until some time after it occurred, and he failed to inform his employer that the injury was the reason for his absence. We determined, therefore, that the application of an equitable remedy was unwarranted. In contrast, in *H.E. Neumann Co. v. Lee*, Ky., 975 S.W.2d 917 (1998), we determined that the employer was estopped from asserting a limitations defense because, despite knowledge of Mr. Lee's injury and alleged disability, it failed to notify the Department within two years after the injury that it was refusing to pay voluntary TTD benefits. Thus, the Department was prevented from notifying Lee of the applicable period of limitations before it expired.

It is undisputed that the claimant's employer was obliged to notify the Department of its refusal to pay TTD benefits and that it did so approximately two months after the injury. The claimant asserts that the employer's delay in notifying the Department of its refusal to pay TTD benefits tolled the period of limitations and that she was entitled to two full years from its refusal to file a claim. The fact remains, however, that KRS 342.185 runs the period of limitations for an injury for two years from the date of accident or

from the employer's last voluntary payment of income benefits, not from the date that the employer refuses to pay voluntary benefits. This was not a case where the claimant was lulled into a false sense of security by the payment of voluntary income benefits. Nor was it a case where the employer's delay was of such duration that it deprived her of notice from the Department while a reasonable time remained in which to file a claim.

The claimant's injury occurred on September 12, 1999. She testified that she received the Department's letter in November, 1999. It informed her that the employer denied the claim; that she was required to file an application for benefits if she was disabled or required medical treatment; and that the period of limitations for doing so was two years after the date the injury occurred. Yet, she failed to file her application until September 28, 2001, after two-year period expired. Under the circumstances, we are not persuaded that the application of an equitable remedy was compelled or that the ALJ erred in rejecting the claimant's argument and dismissing the claim.

The decision of the Court of Appeals is affirmed.

All concur.