Estill **SULLIVAN, Appellant,**

v.

**WOLF CREEK COLLIERIES;** Hon. **Grant S. Roark, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2009–CA–000385–WC.

Court of Appeals of Kentucky.

Sept. 11, 2009.

Randy G. Clark, Pikeville, KY, for Appellant.

Carl M. Brashear, Lexington, KY, for Appellee, Wolf Creek Collieries.

Before MOORE and NICKELL, Judges; HARRIS,[1] Senior Judge.

## OPINION

HARRIS, Senior Judge.

Estill Sullivan appeals from a decision of the Workers' Compensation Board, which found that appellee, Wolf Creek Collieries, was equitably estopped from contesting the treatment of Sullivan by a specific doctor up to the date of the decision of the Administrative Law Judge (ALJ), but was not estopped thereafter. Sullivan argues that the decision of the Board to restrict the application of equitable estoppel to the date of the ALJ's decision was arbitrary and contrary to law. We affirm.

This case has a complex procedural history which was fully set forth by the Board in its decision. We have limited our recitation of the facts to those necessary to an understanding of the sole issue before this Court. Sullivan suffered low back injuries in October 1988 and March 1989. He filed a workers' compensation claim, which was settled by agreement based on a 15% occupational disability. Sullivan suffered another back injury in April 1991. The claim was settled by agreement in 1992. After settling his claim with Wolf Creek, Sullivan filed a claim against the Special Fund.

Sullivan was awarded benefits for permanent total occupational disability.

Prior to the resolution of the 1992 claim, Sullivan was treated by Dr. Judith Treadway for depression. Subsequently, Sullivan received treatment for depression at Mountain Comprehensive Care for several years. Thereafter, Sullivan was treated by his family physician, Dr. Coleman. Sullivan then began receiving treatment from Dr. Webb in West Virginia. Wolf Creek filed a medical fee dispute based on the fact that Sullivan had never asserted a claim for a psychological condition despite the fact that the existence of the condition was known at the time Sullivan asserted his original claims. In an Opinion, Award and Order issued January 23, 2006, ALJ Andrew Manno found that the treatment was reasonable and necessary for relief of the work injury.

Sullivan continued to receive treatment from Dr. Webb. Dr. Webb does not accept Kentucky workers' compensation patients. Dr. Webb and Sullivan entered into an arrangement where Sullivan would pay for his treatment out of pocket and then be reimbursed by Wolf Creek. Dr. Webb refused to provide a treatment plan or to provide bills on the appropriate forms. Wolf Creek filed a medical fee dispute asking that the bills from Dr. Webb be found non-compensable until he complied with the Workers' Compensation Act. ALJ Grant S. Roark found that Dr. Webb's treatment was compensable. The ALJ further found that Wolf Creek was equitably estopped from seeking to have Dr. Webb comply with the requirements of the Act because Wolf Creek had allowed this arrangement to continue, without complaint, for over twelve years.

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

On appeal to the Board, the Board affirmed the finding of the ALJ that Wolf Creek was estopped from denying the compensability of Dr. Webb's treatment. The Board reversed in part, holding that Wolf Creek was only estopped from denying compensability to the date of the ALJ's decision. Sullivan has appealed the decision of the Board to this Court.

Sullivan argues that the Board's limited application of equitable estoppel was arbitrary and contrary to law. We disagree.

■ Our Supreme Court stated the role of appellate courts in reviewing the decisions of the Board as follows:

> The function of further review of the WCB in the Court of Appeals is to correct the Board only where the [ ] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice.

*Western Baptist Hospital v. Kelly,* 827 S.W.2d 685, 687–88 (Ky.1992). The Board found that Wolf Creek was equitably estopped from denying the compensability of Sullivan's treatment with Dr. Webb up to and until the date of the ALJ's award. This finding is not at issue. The Board further found that the future application of such an arrangement was not in conformity with KRS Chapter 342. We agree.

■ The appropriateness of the application of equitable estoppel depends on the facts and circumstances of each case. *J & V Coal Co. v. Hall,* 62 S.W.3d 392, 395 (Ky.2001).

Dr. Webb is not a party to this litigation. However, Sullivan has subjected himself to the jurisdiction of KRS Chapter 342 by seeking reimbursement for the expenses incurred under the present arrangement with Dr. Webb. It is undisputed that the balance billing arrangement between Sullivan and Dr. Webb violates KRS 342.020(1) and KRS 342.035(2) as well as numerous regulations. Sullivan testified that he would be willing to treat with another physician if that physician would provide the same treatment and medications as Dr. Webb. We were not cited to, nor could we locate, any authority forbidding such an application of equitable estoppel.

■ Moreover, one of the requisite elements of the doctrine of equitable estoppel is that the party invoking it must show that he relied on the other party's conduct to his detriment. *Gray v. Jackson Purchase Production Credit Ass'n,* 691 S.W.2d 904, 906 (Ky.App.1985). Once Wolf Creek filed its medical fee dispute, Sullivan was on notice that Dr. Webb's fees were being challenged, and he could no longer rely on any past representations or omissions on Wolf Creek's part regarding those fees. Thus, one of the elements of equitable estoppel was absent, and it was no longer available to Sullivan. Further, this Court is not convinced that the Board misconstrued controlling authority or that injustice has resulted.

Accordingly, the decision of the Workers' Compensation Board is affirmed.

ALL CONCUR.