# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 17, 2015
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

### 2015-SC-000136-WC

FINAL

DATE 3-17-16 _____

RHONDA FOX                                                    APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                    CASE NO. 2014-CA-001200-WC
WORKERS' COMPENSATION NO. 11-76092


SAM'S CLUB;
HONORABLE DOUGLAS GOTT,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                             APPELLEES


## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Appellant, Rhonda Fox, appeals a Court of Appeals decision which affirmed the dismissal of her workers' compensation claim as time barred by the statute of limitations. Fox argues that the statute of limitations should be tolled because her employer, Appellee, Sam's Club, did not pay her permanent partial disability ("PPD") benefits and did not comply with the notification requirements of KRS 342.040(1). For the below stated reasons, we affirm the Court of Appeals.

Fox alleged that she suffered from two work-related injuries while in the scope of her employment with Sam's Club. The first alleged injury occurred on January 21, 2011, when she was hit by a pickup truck in the store parking lot.

Fox alleges that this accident caused a low back injury. She filed an incident report with Sam's Club, but did not file an accident report[1] because it would have affected the bonus store employees received. The second alleged work-related injury occurred on August 30, 2011, while Fox was lifting grills and other merchandise. Fox states that as she was lifting merchandise she suffered additional injuries to her low back and her neck. Sam's Club filed a first report of injury with the Department of Workers' Claims ("Department") on September 7, 2011. Fox sought and received medical treatment for this injury pursuant to KRS 342.020. However, Sam's Club did not pay Fox PPD or temporary total disability ("TTD") benefits.

Dr. Timir Banerjee provided an independent medical evaluation of Fox and found she sustained a 7% whole person impairment related to her back injury that occurred on August 30, 2011. Dr. Banerjee's report is dated March 22, 2013. Sam's Club offered to pay Fox PPD benefits based on Dr. Banerjee's opinion. Fox did not respond to the offer.

Fox signed and verified a Form 101, Application for Resolution of Injury Claim, on August 27, 2013. However, the Form 101 was not filed with the Department until September 3, 2013. Because the application was submitted more than two years after the date of Fox's second work-related injury, Sam's Club filed a special answer in which it asserted that Fox's claims were barred by the two-year statute of limitations. KRS 342.185. Sam's Club then filed a motion to dismiss Fox's claims as time-barred. The parties agreed to bifurcate

---

[1] At Sam's Club an accident report is only filled out when a physical injury occurs.

the proceeding so that the statute of limitations argument would be decided before the underlying merits.

Fox argued before the Administrative Law Judge ("ALJ") that Sam's Club should be estopped from asserting a statute of limitations defense because it did not comply with the notice requirement of KRS 342.040(1). *City of Frankfort v. Rogers*, 765 S.W.2d 579 (Ky. App. 1988). KRS 342.040(1) states:

> [e]xcept as provided in KRS 342.020, no income benefits shall be payable for the first seven (7) days of disability unless disability continues for a period of more than two (2) weeks, in which case income benefits shall be allowed from the first day of disability. All income benefits shall be payable on the regular payday of the employer, commencing with the first regular payday after seven (7) days after the injury or disability resulting from an occupational disease, with interest at the rate of twelve percent (12%) per annum on each installment from the time it is due until paid, except that if the administrative law judge determines that a denial, delay, or termination in the payment of income benefits was without reasonable foundation, the rate of interest shall be eighteen percent (18%) per annum. In no event shall income benefits be instituted later than the fifteenth day after the employer has knowledge of the disability or death. Income benefits shall be due and payable not less often than semimonthly. If the employer's insurance carrier or other party responsible for the payment of workers' compensation benefits should terminate or fail to make payments when due, that party shall notify the commissioner of the termination or failure to make payments and the commissioner shall, in writing, advise the employee or known dependent of right to prosecute a claim under this chapter.

Fox argued that KRS 342.040(1) mandated Sam's Club to pay her PPD benefits once it received Dr. Banerjee's report. Since Sam's Club did not pay, Fox contended it had to provide notice to the Department. Because notice was not provided, Fox concluded the statute of limitations should be tolled. *Rogers*, 765 S.W.2d at 579. Sam's Club rebutted Fox's argument by arguing it had no obligation to notify the Department because income benefits were not owed to

3

her. The ALJ agreed with Sam's Club and dismissed Fox's claims as time barred. Fox appealed to the Workers' Compensation Board ("Board") which affirmed. The Court of Appeals also affirmed. This appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985).

Fox argues that the ALJ, Board, and Court of Appeals erred by finding that her claim is time barred. Fox contends that Sam's Club violated KRS 342.040(1) by not paying her PPD benefits for the period of time she was disabled and by not providing notice to the Department of its failure to pay. She implies that Sam's Club should have commenced paying PPD benefits once it received the medical report from Dr. Banerjee which indicated she had a 7% whole person impairment. As stated above, a violation of KRS 342.040(1) tolls the statute of limitations. *Rogers*, 765 S.W.2d 579.

4

Unlike Fox's interpretation, KRS 342.040(1) does not compel an employer to pay voluntary PPD benefits after a certain period of disability has passed. Instead the statute describes the time period for when PPD benefits are to be paid once it has been determined that the claimant is eligible to receive such benefits and provides for penalties if the benefits are not paid.

Accordingly, Sam's Club was not under any obligation to pay Fox PPD benefits based on Dr. Banerjee's report. Our Workers' Compensation Act does not impose a duty to pay permanent income benefits absent ALJ approval of a Form 110 settlement agreement pursuant to KRS 342.265(1), or until after the filing of a Form 101 when liability is dictated by the award in an ALJ Opinion. There is no provision for an "advance" on PPD benefits, or something akin to payment of "temporary permanent partial disability benefits" pending more formal proceedings. Sam's Club offered to pay Fox PPD benefits after reviewing the doctor's report, but Fox did not respond to the offer. Because there was no settlement or order which compelled Sam's Club to pay PPD benefits to Fox, there was no obligation to notify the Department under KRS 342.040(1). *See J & V Coal Co. v. Hall*, 62 S.W.3d 392 (Ky. 2001). Sam's Club is not estopped from asserting the statute of limitations defense.

For the above stated reasons, we affirm the Court of Appeals.

Minton, C.J.; Abramson, Cunningham, Keller, Noble, and Venters, JJ., sitting. All concur. Wright, J., not sitting.

COUNSEL FOR APPELLANT,
RHONDA FOX:

James Delano Howes


COUNSEL FOR APPELLEE,
SAM'S CLUB:

Mark Wayne Howard
H. Douglas Jones