**INGERSOLL–RAND COMPANY,**
**Appellant/Cross–Appellee,**

v.

**Robert L. WHITTAKER, Acting Director of the Special Fund, Appellee/Cross–Appellant,**

**and**

**Walter Lee, Denis S. Kline, (Administrative Law Judge), and Workers' Compensation Board, Appellees.**

**Nos. 93–CA–002819–WC, 94–CA–2029–WC.**

Court of Appeals of Kentucky.

Sept. 2, 1994.

James B. Brien, Jr., Mayfield, for appellant/cross appellee, Ingersoll–Rand Co.

Mark C. Webster, Louisville, for appellee/cross appellant, Robert L. Whittaker, Acting Director of the Sp. Fund.

Benjamin J. Lookofsky, Mayfield, for appellee, Walter Lee.

Before COMBS, SCHRODER and WILHOIT, JJ.

SCHRODER, Judge:

This is a petition for review, brought by appellant, Ingersoll–Rand Company (Ingersoll–Rand), and a protective petition for review, brought by cross-appellant, Special Fund, of a Workers' Compensation Board's (Board) decision of October 22, 1993. The issue boils down to whether the employer or the employee should bear the loss when the Board does not receive notice, as mandated by KRS 342.040, that the employer has ceased paying the injured employee tempo-

rary total disability payments (TTD). After reviewing the record and applicable authorities, we affirm the Board's reversal of the Administrative Law Judge (ALJ).

Walter Lee (Lee) was injured on July 20, 1989. He received TTD from July 21, 1989 to November 13, 1989, and again from March 12, 1990 to April 18, 1990. He filed his claim for benefits on November 4, 1992, more than two years after either his injury or the last payment of TTD. KRS 342.185. Thus, Ingersoll–Rand defended on the basis that the statute of limitations barred Lee's claim.

This was not a straight-forward defense, as it was discovered that the Board never received an SF–3A from Ingersoll–Rand, as required by KRS 342.040, which reads in pertinant part:

> If the employer should terminate, or fail to make payments when due, the employer shall notify the board of such termination or failure to make payments and the board shall, in writing, advise the employee or known dependent of right to prosecute a claim under this chapter.

It was established that the Board never received an SF–3A for Lee based on the July 20, 1989 injury. However, there was testimony that the file of Ingersoll–Rand's carrier contained a copy of the SF–3A. The testifying claims specialist could not explain why the Board had not received its copy despite the form's having been prepared.

The ALJ relied on language in *Newberg v. Hudson,* Ky., 838 S.W.2d 384, 388 (1992), that the decision of whether the statute of limitations has been tolled depends "upon the facts and circumstances of each case." The ALJ declined to toll the statute, reasoning:

> An examination of the 'facts and circumstances' of the instant case reveals only that the Defendant/employer's insurance carrier failed to file a Form SF3(a) as a result of some type of clerical error, or perhaps, misprision by the U.S. Postal Service. There is not so much as a shred of evidence which would indicate that Ingersoll–Rand Company and/or its insurance carrier in any way attempted to lull Mr. Lee to sleep by the continued payment of his medical expenses or that they attempt-

ed in any other fashion to 'manufacture' the defense of limitations.

The Board reversed, concentrating on whether the case should be governed by *Hudson, supra* or *City of Frankfort v. Rogers,* Ky.App., 765 S.W.2d 579 (1988). The Board found that the facts sub judice fell somewhere between the two cases, but that the *Rogers* remedy was appropriate since Ingersoll–Rand did not strictly comply with KRS 342.040, and Lee was adversely affected thereby. The Board also relied on the credo of *Messer v. Drees,* Ky., 382 S.W.2d 209 (1964), that workers' compensation laws are fundamentally for the benefit of injured workers.

Ingersoll–Rand argues that because it did not manufacture the limitations defense and did not blatantly disregard its statutory obligation to notify the Board, it should not be denied the defense. The employer asserts that any error made either by the post office or the Board is not chargeable to it.

As the Board correctly discerned, neither *Rogers* nor *Hudson* directly controls the facts of this case. The specific question with which we are confronted is, "Even if the employer has not blatantly disregarded its duty under KRS 342.040, who, between employer and employee, bears the consequences when the SF–3A is not received by the Board, and as a result, the employee does not receive the statute of limitations letter from the Board?" The statute and principles of equity require that the employer bear the consequences.

KRS 342.040 places an affirmative duty upon the employer to notify the Board when TTD payments have stopped. Only when this duty has been accomplished can the Board fulfill its duty to the employee—to inform him of the time in which he may file a claim. The ALJ's finding that Ingersoll–Rand technically failed to comply with KRS 342.040 has not been challenged. Regardless of who caused the technical deficiency—the carrier, the post office, or the Board—the facts remain that 1) Lee could not possibly have been at fault; and 2) Ingersoll–Rand did not comply with the statutory mandate. This is not a situation contemplated by the doctrine of substantial compliance adopted in

*Ready v. Jamison,* Ky., 705 S.W.2d 479 (1986).

Under such circumstances, the employee, who was in no way to blame for the technical error, is entitled to have the statute of limitations tolled. This solution is supported by the equitable principles to which *Rogers* and *Hudson* appeal, as well as the spirit of the Act. Borrowing from the Court in *Rogers,* "We can conceive of nothing more repulsive before the eyes of justice than a judicial reward for statutory noncompliance [even if not intentional] at the expense of an innocent injured worker." *Rogers* at 580. For the reasons stated above, the opinion of the Workers' Compensation Board is affirmed.

All concur.