COLT MANAGEMENT COMPANY, Appellant,

v.

Donna June CARTER; Robert L. Whittaker, Acting Director of Special Fund; Honorable Roger D. Riggs, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 94–CA–2391–WC.

Court of Appeals of Kentucky.

Sept. 8, 1995.

1. *See also Coslow v. General Electric Company,* Ky., 877 S.W.2d 611 (1994).

William P. Swain, Louisville, for appellant.

Jeffrey C. Shipp, Cincinnati, for Donna Carter.

Joel D. Zakem, Louisville, for Special Fund.

Before HOWERTON, JOHNSON and SCHRODER, JJ.

## OPINION

HOWERTON, Judge.

Colt Management Company petitions for review of a decision by the Workers' Compensation Board affirming a decision of the Administrative Law Judge (ALJ), who found that Colt was estopped from relying on the statute of limitations as a defense. Colt had failed to notify the Board of its decision to terminate Donna June Carter's temporary disability benefits as required by KRS 342.040. We affirm.

Carter was employed as an apartment manager for Colt. She injured her lower back on December 31, 1989, in the scope of her employment. Colt filed an Employer's First Report of Injury as required by KRS 342.038(1), and Colt paid temporary total disability benefits to Carter until May 22, 1990. However, the record indicates that Colt never notified the Board when it ceased to pay the benefits, as is required by KRS 342.040.

Carter filed her application of claim for her injury on January 25, 1993, more than two years after her benefits had been terminated. Colt defended by alleging that the claim was barred by KRS 342.185. That statute provides that, once payment of income benefits has been made, an application for adjustment of claim must be filed within two years following the suspension of any such payments.

Carter claims that Colt was estopped from using the statutory defense because of its failure to comply with KRS 342.040. Colt's failure to serve the notice prevented the Board from advising Carter of her right to make a claim within the statutory time limit. The ALJ and the Board agreed with Carter, and this appeal followed.

Colt argues that *Newberg v. Hudson,* Ky., 838 S.W.2d 384 (1992), is dispositive of the issue. It contends that, although its insurance carrier failed to notify the Board of its decision to terminate Carter's benefits, the mistake was inadvertent and should not prevent its reliance on KRS 342.185. Colt further asserts that *Newberg* prevents an employer from relying on the statute of limitations only where noncompliance with KRS 342.040 is supported by evidence that the employer acted in bad faith, engaged in misconduct, or blatantly manufactured the limitations defense. Colt argues that there was no evidence of bad faith or misconduct in its failure to notify the Board.

We can only conclude that Colt's reliance on *Newberg, supra,* is misplaced. In *Newberg,* the employer never gave notice to the Board that there had been an injury as required under KRS 342.038. The employee filed a claim more than two years after the date of the injury, and it was decided that whether the statute of limitations will be tolled due to an employer's failure to give notice to the Board, depends upon the facts and circumstances of each case. *Newberg,* 838 S.W.2d at 388. The Court concluded that even though the employee gave notice of his injury, the employer had no obligation to notify the Board at that time, because the operator had missed only one day of work. The obligation imposed by KRS 342.038 did not arise until 30 days after the injury when more than one day of work was missed. Thirty days after the accident, the employer sent a form to the employee requesting a brief description of the accident, but the employee failed to explain how the injury was work-related. Therefore, the employer was unable to send notice of a work-related injury to the Board as required, and the Court concluded there was no evidence that the employer's noncompliance with the notice

provisions in the statute was done in bad faith. Instead, the evidence indicated that there was a good faith attempt to ascertain the reasons for the employee's absence. *Newberg, supra,* at 389.

The facts and circumstances in *Newberg* differ from those in the case at bar. Here, Carter properly notified her employer of her injury and received disability benefits. The question is not whether the employer had the opportunity to discover a work-related injury, but whether, after knowing of the injury and giving benefits to an employee, it should bear the loss of its failure to properly notify the Board of its termination of benefits as is required. Our Kentucky Supreme Court addressed this issue in *Ingersoll–Rand Co. v. Whittaker,* Ky., 883 S.W.2d 514 (1994).

In *Ingersoll,* the evidence established that the employer failed to file notification with the Board as a result of either a clerical error or a problem with the postal service. There was no evidence of employer misconduct. The question in *Ingersoll* was: Who bears the consequences of notification of termination of benefits is not received by the Board, and as a result, the Board does not notify the employee of his or her rights before the time limit expires? *Ingersoll,* at 515. The Court concluded that the employee is not responsible for such an error and is entitled to have the limitations tolled, because KRS 342.040 places an affirmative duty upon the employer to notify the Board. It is the employer who must bear the loss for such failure.

In the case *sub judice,* Angela Horine, a claims specialist for Colt's insurer, testified that although she sent the notification form to the clerical department for mailing to the Board, she never received confirmation from the department that the form was ever mailed. The Board never received the notification. While there is no evidence of employer misconduct, the error cannot be attributed to Carter. Under the statutory mandate of KRS 342.040, failure to satisfy the notification requirement must fall upon Colt.

The opinion of the Workers' Compensation Board is affirmed.

All concur.