H.E. NEUMANN COMPANY, Appellant,

v.

Thomas Earl LEE, Special Fund, and Workers' Compensation Board Appellees.

No. 98–SC–220–WC.

Supreme Court of Kentucky.

Sept. 3, 1998.

David S. Strite, Cathleen Charters Palmer, O'Bryan, Brown & Toner, Louisville, for Appellant.

Ronald M. Sullivan, Sullivan, Mountjoy, Stainback & Miller, P.S.C., Owensboro, for Appellee/Thomas Earl Lee.

David W. Barr, Labor Cabinet—Special Fund, Louisville, for Appellee/Special Fund.

## OPINION OF THE COURT

This matter is before the Court as an appeal by the employer from an opinion of the Court of Appeals affirming the decision of the Workers' Compensation Board (Board). The Board reversed the Administrative Law Judge's (ALJ's) ruling that the claim was barred by the statute of limitations provision found in KRS 342.185.

The sole issue herein is whether the statute of limitations period was tolled due to the fact that the employer failed to comply with

the notice requirements of KRS 342.038 or KRS 342.040.

The relevant facts in this case are as follows: Claimant alleged that he suffered a work-related heart attack on October 1, '1991, when he was overcome by fumes while using a Naphtha-based cleaning solution. His foreman drove him home that afternoon, and his wife subsequently took him to the hospital where it was determined that he had suffered a heart attack. Upon his release from the hospital after undergoing quadruple by-pass surgery, claimant testified that he called the employer's office to see why his medical bills were not being paid, and that he was informed that he had to fill out workers' compensation forms. Hence, claimant filled out a first report of injury form (SF–1), which stated the basis of his claim and noted that he had missed 50 days of work at that time, and sent it to the employer. The employer sent the form to its insurance carrier, General Accident Insurance Company (General), which received the form on December 31, 1991. Claimant received no response from the employer, and the employer failed to submit the first report of injury form (SF–1) with the board as required by KRS 342.038(1). Moreover, the employer failed to notify the board, as required by KRS 342.040(1), that it would not pay benefits in response to claimant's notification of a work-related disability.

In April of 1992, claimant retained an attorney to prepare a will. Claimant mentioned the instant situation to this attorney, including that he still had not heard anything from the employer, and asked if the attorney could check on the status of his claim. The attorney made calls and wrote letters to the employer's insurance company, but was unsuccessful in obtaining information to answer claimant's concerns.

In May of 1994, almost eight months after the two-year statute of limitations period would have run, claimant specifically hired an attorney to represent him with regard to his workers' compensation claim as the employer had still not responded to the claim, except to state that it was investigating. The employer's insurance carrier, General, finally denied the claim in August of 1994, on the basis that

the heart attack was not work-related, and claimant was so notified in September of 1994. A few days later, on September 9, 1994, claimant filed the instant application for adjustment of claim seeking workers' compensation benefits.

In an opinion dated March 22, 1996, the ALJ found that, although claimant had given sufficient notice of his claim to the employer, the claim was barred as claimant had failed to file his action within the two-year statute of limitations period found at KRS 342.185. Further, the ALJ, relying on *City of Frankfort v. Rogers*, Ky.App., 765 S.W.2d 579 (1988), rejected the argument that the employer was estopped from employing a statute of limitations defense, due to its failure to comply with the notification requirements, as there was no evidence that the employer had acted in bad faith. Thus, the ALJ dismissed the claim.

The Board, relying on the more recent cases of *Colt Management Co. v. Carter*, Ky.App., 907 S.W.2d 169 (1995), and *Ingersoll–Rand Co. v. Whittaker*, Ky.App., 883 S.W.2d 514 (1994), held that a showing of bad faith on the part of the employer was not required in order for the employer to be estopped from utilizing a statute of limitations defense. Hence, it reversed the ALJ's dismissal and remanded the claim to the ALJ for further findings consistent with its opinion. Likewise, the Court of Appeals affirmed the Board's opinion.

On appeal to this Court, the employer contends that there are different proof requirements, concerning whether an employer is estopped from asserting a statute of limitations defense, depending upon whether the employer initially paid voluntary benefits and then terminated those payments, or whether the employer never began making payments. Specifically, it maintains that the case of *Newberg v. Hudson*, Ky., 838 S.W.2d 384 (1992), sets forth the standard with regard to an employer who has never paid any voluntary benefits, and requires a showing of bad faith on the part of the employer before the employer is estopped from relying on a statute of limitations defense. Further, it avers that the cases of *Rogers, supra, Ingersoll–Rand, supra,* and *Carter, supra,* involve the

separate situation of where an employer initially paid voluntary benefits and then terminated those payments, thereby, arguably, lulling the worker into a false sense of security regarding continued receipt of benefits. Thus, it submits that those cases do not require a showing of bad faith on the part of the employer and are not applicable to the situation at hand. Therefore, the employer argues that the Court of Appeal erred by (1) relying on *Carter, supra,* and (2) misinterpreting the law of *Newberg v. Hudson, supra,* by holding that the employer had to show that it had acted in good faith before it was allowed to rely on a statute of limitations defense.

Moreover, the employer contends that the Court of Appeals erred by concluding that the employer had not acted in good faith by failing to determine for over 2½ years whether claimant's injury was work-related. Namely, the employer avers that there is evidence of its exhaustive investigation which is proof of its exercise of good faith. Finally, the employer submits that the Court of Appeals erred by holding that claimant was not represented by counsel prior to the expiration of the limitations period, and that such would have made the employer's failure to comply with the notification requirements immaterial as there was no actual prejudice to claimant.

■ KRS 342.038 (1980 version) provides, in pertinent part:

(1) Every employer subject to this chapter shall keep a record of all injuries, fatal or otherwise, received by his employees in the course of their employment. Within one (1) week after the occurrence and knowledge, as provided in KRS 342.185 to 342.200, of an injury to an employee causing his absence from work for more than one (1) day, a report thereof shall be made in writing and mailed to the board on blanks procured from the board for the purpose.

And KRS 342.040 (1990 version) provides, in pertinent part:

(1) Except as provided in KRS 342.020, no income benefits shall be payable for the first seven (7) days of disability unless disability continues for a period of more than two (2) weeks, in which case income benefits shall be allowed from the first day of disability. . . . In no event shall income benefits be instituted later than the 15th day after the employer has knowledge of the disability or death. Income benefits shall be due and payable not less often than semimonthly. If the employer should terminate, or fail to make payments when due, the employer shall notify the board of such termination or failure to make payments and the board shall, in writing, advise the employee or known dependent of right to prosecute a claim under this chapter.

Therefore, once the employer herein had notice that claimant had missed more than one day of work as the result of an alleged work-related injury, it had the duty of filing a first report of injury with the board within one week. Moreover, when the employer failed to make voluntary payments after claimant was absent from work for seven days, it had the duty of notifying the board that no benefits would be paid so that the board could notify claimant regarding the applicable statute of limitations. The purpose of the above-referenced statutes is to advise an injured worker, in writing, of his right to prosecute his claim, and the time frame in which to do so, and to provide prompt resolution of asserted work-related injury claims. Thus, contrary to the employer's assertion, the intended purpose of the statute would not imply a different standard based on whether the employer initially paid voluntary benefits and then terminated them, or never paid voluntary benefits, as either way the worker would be entitled to the intended benefit of the statutorily mandated written notice.

In the case of *Rogers, supra,* the court held that where an employer fails to notify the board that it has terminated voluntary payments to the worker, causing the board to be unable to notify the worker of his right to litigate his claim, the employer is estopped from asserting limitations as a defense to the worker's claim. Specifically, the court stated:

[A]n employer cannot blatantly disregard its statutory obligation under KRS 342.040 and thereby manufacture the defense of

limitation under KRS 342.185. We can conceive of nothing more repulsive before the eyes of justice than a judicial reward for statutory noncompliance at the expense of an innocent injured worker.

Thus, the court allowed the worker to pursue his claim although it had been filed more than two years after the date of the last voluntary payment of temporary, total disability (TTD). There was no discussion therein of bad faith on the part of the employer.

Furthermore, the case of *Ingersoll–Rand, supra,* involved a situation where there was a copy of a form in the employer's file which, arguably, indicated that the employer had intended to notify the board of its termination of voluntary payments; however, such notification was, inexplicably, never sent to the board. Therein, the employer argued that because it did not manufacture the limitations defense and did not blatantly disregard its statutory obligation to notify the board, it should not be denied the defense. The court disagreed and held that, regardless of proof of employer misconduct, an employer's unexplained failure to file a notification with the board precludes the employer from asserting a limitations defense. The court reasoned that notification is an affirmative duty on the part of the employer, and it would be unreasonable to expect the injured worker to bear the consequences of such error since it was in no way his fault that the notification requirement was not met.

Likewise, in the case of *Carter, supra,* the employer was not allowed to plead a statute of limitations defense as it had failed to notify the board that it had stopped paying voluntary income benefits, and the board did not know to advise the worker of his rights. In addition, the court distinguished *Newberg v. Hudson, supra,* and expressly rejected the employer's argument that it was not barred from asserting a limitations defense since there was no proof that it acted in bad faith. Namely, the court held that it is not necessary that it be established that the employer acted in bad faith for the employer to be precluded from raising a statute of limitations defense, as it must merely be shown

that such failure could not be attributed to the worker.

Just like the employers in the cases of *Ingersoll–Rand, supra,* and *Carter, supra,* the employer's reliance, herein, on the case of *Newberg v. Hudson, supra,* is misplaced as that case is factually distinguishable and mainly concerned whether the employer had the opportunity to discover a work-related injury. Namely, that case involved the different scenario of an injured worker who does not initially miss more than one day's work, but, who, several months later, misses more days due to the injury. Further, the worker therein failed to fill out a form given to him by the employer concerning whether he was alleging a work-related accident. Thus, the employer's failure to comply with the notification statutes was excused, and the employer was allowed to assert a limitations defense on the basis that it was not given sufficient information so as to be put on notice that it needed to comply with its duty of filing a first report of injury.

■ Hence, contrary to the employer's arguments, *Newberg v. Hudson* is not inconsistent with the holdings in *Rogers* or *Ingersoll–Rand,* and the fact situation herein more closely resembles that of *Ingersoll–Rand* and *Carter.* Specifically, in the case at bar, unlike the situation in *Newberg v. Hudson, supra,* the record reflects that claimant missed more than seven days of work immediately after the occurrence of the alleged injury, and that claimant notified the employer of his injury and his belief that it was work-related. At that point, the employer was under a duty to notify the board under KRS 342.038(1) and KRS 342.040(1). However, the employer failed to advise claimant that it would deny the claim until 2½ years after the date of injury, well after the statute of limitations had elapsed, depriving claimant of his statutorily mandated right to written notice. Hence, the failure of the employer herein, to satisfy the statutory notification requirements, acted to toll the statute of limitations by estopping the employer from prevailing on a statute of limitations defense as claimant was never notified by the board regarding his rights and the time frame in which he must act. This is true regardless of

whether the employer was acting in good faith in conducting its investigation, or whether it was shown that there was actual prejudice to claimant.

Accordingly, the decisions of the Court of Appeals and the Board are hereby affirmed.

All concur.