Elsie ROGERS, Appellant,

v.

PALM BEACH COMPANY, INC.; Hon. Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2002–SC–0720–WC.

Supreme Court of Kentucky.

Sept. 18, 2003.

Paul F. Henderson, Somerset, Counsel for Appellant.

Ronald J. Pohl, Picklesimer, Pohl & Kiser, P.S.C., Lexington, Counsel for Appellee, Palm Beach.

Opinion of the Court by Justice WINTERSHEIMER.

The claimant contests a Court of Appeals decision, affirming the Worker's Compensation Board and the Administrative Law Judge, who dismissed the claim as barred by the statute of limitations.

Rogers allegedly sustained a work related injury at Palm Beach in 1995 when she

slipped and fell outside the plant while leaving work after her shift ended. The employee parking lot was located across the street from the plant and Rogers testified that as she was walking to the lot, she slipped on a grassy slope which was considered a part of the Palm Beach premises. The grassy area borders the public road between the parking lot and the plant. As a result of her fall, Rogers suffered a fractured patella of her right knee. As a result of the injury, her right knee cap was surgically removed.

The company claims department denied the claim on the question of work relatedness. Thereafter, Rogers retained counsel and filed for social security disability benefits in 1996. These benefits were awarded in February of 1997. Palm Beach was acquired by Plaid Clothing Group, Inc., which became the successor to Palm Beach in Rogers' cause of action. After being notified by Palm Beach that her claim had been denied, Rogers received a bankruptcy notice dated December 15, 1995, indicating that the Plaid Clothing Group had filed a Chapter 11 bankruptcy in the Southern District of New York. The notice specifically instructed Rogers that she must file a proof of claim in the bankruptcy court or risk being forever barred from asserting her cause of action against Palm Beach or their successors. On February 1, 1996, with the assistance of counsel, she filed a proof of claim relative to her alleged work-related injury. In December of 1999, Rogers received a notice and application for an order reducing and/or expunging certain general unsecured claims from the bankruptcy court. Repeated requests for information from the bankruptcy court were unanswered. In 2001, Rogers filed an application for resolution of an injury claim with the Department of Workers' Claims. The ALJ sustained the motion by Palm Beach to dismiss the action as being in violation of the two-year statute of limi-

tations pursuant to KRS 342.185. The Workers' Compensation Board affirmed as did the Court of Appeals. This appeal followed.

The claimant argues that the statute of limitations was tolled. In support, she cites KRS 413.260. The claimant also contends that her employer should be estopped from asserting a defense under the statute of limitations because of its misleading conduct.

## Statute of Limitations

KRS 413.260 provides:

If the doing of an act necessary to save any right or benefit is restrained or suspended by injunction or other lawful restraint, ... the time covered by the injunction, restraint, ... shall not be counted in the application of any statute of limitations.

A plain reading of the statute would seem to go along with the claimant's argument. So the true issue becomes whether the claimant was actually restrained or suspended from asserting her claim.

In *Re: Mansfield Tire and Rubber Company,* 660 F.2d 1108 (6th Circuit, 1981), the controlling federal court ruled that states have the right to adjudicate worker's compensation claims while the company is in bankruptcy.

This directly undermines the idea that a restraint or suspension was put upon the claimant in this case. The bankruptcy proceeding would not restrain her and the Department of Worker's Claims from determining whether she had a legitimate claim to disability. The claimant should have filed her claim as soon as possible after the occurrence of the accident and her right would not have lapsed.

## Estoppel

The claimant asserts that her employer's behavior should preclude invoking the statute of limitations as a defense. The claimant cites one case as authority.

■ In *H.E. Neumann Co. v. Lee,* Ky., 975 S.W.2d 917 (1998), this Court held that an employer's failure to fulfill a statutory duty, even if bad faith is absent, will estop a defendant from asserting a statute of limitations defense.

The claimant would have this case extend to the situation where an employer provides the claimant with information regarding the employer's bankruptcy and therefore, an automatic stay on the claim. Though misleading, because the claimant's rights were not actually stayed by the bankruptcy, nothing in the employer's activities violates a statutory duty or seems to be in bad faith. She asserts that because the employer told her about the bankruptcy, the employer had a duty to tell her the way out.

The claimant cites no bad faith or fraud on the part of her employer. The employer gave notice of the bankruptcy and a stay to the claimant. It was the duty of claimant to find out and pursue her claim, because it is the law that the worker's compensation claims may be litigated at the same time as bankruptcy proceedings.

Therefore, the opinion of the Court of Appeals is affirmed.

All concur, except GRAVES, J., who believes that a bankruptcy stay should mean what it says.