Jennifer MILLER, Appellant,

v.

STEARNS TECHNICAL TEXTILES COMPANY; Hon. W. Bruce Cowden, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2004–CA–000683–WC.

Court of Appeals of Kentucky.

Sept. 10, 2004.

James D. Howes, Louisville, KY, for appellant.

Mary E. Schaffner Louisville, KY, for appellee Stearns Technical Textiles Company.

Before COMBS, Chief Judge; MINTON, and VANMETER, Judges.

*OPINION*

VANMETER, Judge.

This is a petition for review from an order entered by the Workers' Compensation Board (Board) affirming the dismissal of a claim by an administrative law judge (ALJ) as barred by the statute of limitations. For the reasons stated hereafter, we affirm.

Appellant Jennifer Miller was injured in December 1999 during the course of her employment with appellee Stearns Technical Textiles Co. Appellant was paid temporary total disability benefit payments (TTD) for several weeks ending on January 23, 2000. On January 26, 2000, appellee submitted, to the Department of Workers' Claims (DWC), an IA-2 form (Workers' Compensation–Subsequent Report) which stated the date upon which TTD payments began and the period of time for which they would run, but not the specific date of termination. No letter of termination was generated by the DWC on behalf of appellant. However, on De-

cember 28, 2000, appellee transmitted to the DWC a second IA–2, which plainly stated the termination date. At that time, a termination letter was generated to inform appellant of her rights, including the fact that any claim for additional benefits must be filed within two years of the last TTD payment. The letter specified that such benefits had terminated on January 23, 2000. After seeking legal counsel in the spring of 2002, appellant filed a claim on December 30, 2002, which was within two years of the letter generated by the DWC, but more than two years after the time of her injury and the termination of TTD payments. The ALJ sustained appellee's motion to dismiss the claim as having been filed outside of the applicable statutory limitations period. The Board affirmed and this appeal followed.

Appellee's sole contention on appeal is that the Board erred by dismissing her claim as barred by the statute of limitations. We disagree.

KRS 342.185(1) provides in part:

If payments of income benefits have been made, the filing of an application for adjustment of claim with the department within the period shall not be required, but shall become requisite within two (2) years following the suspension of payments or within two (2) years of the date of the accident, whichever is later.

The record indicates that the DWC mailed the WC–3 form, dated December 28, 2000, to appellant at her correct address. The form, which showed a "Termination Date" of January 23, 2000, stated:

Re: File: 00–98391

  Termination Date: 01/23/2000

The Department of Workers Claims recently received notice from your employer's workers compensation claims administrator that income benefits being paid to you as a result of a work-related injury/illness were terminated as of the above date. Any medical bills that you incur for necessary treatment of this injury/illness should still be forwarded to the claims administrator.

If you continue to be disabled because of this injury/illness, you may request additional benefits by filing an "Application for Resolution of Claim" with the Department of Workers Claims. The claim, including one for medical expenses, must be filed within two years after the date your injury occurred, or, within two years after the last voluntary payment of income benefits to you, whichever event last occurs.

If a claim is not filed within this time frame, any claim for workers compensation benefits as a result of this injury/illness will be barred.

Thus, the letter clearly advised appellant, less than a year after the stated date of termination of TTD payments, that any claim for additional payment must be filed within two years of the termination of benefits date, i.e., within approximately, the next thirteen months after receipt of the WC–3 letter.

In arguing that she is entitled to relief because appellee blatantly disregarded its obligation under KRS 342.040 to inform the DWC of termination of TTD payments, appellant relies on the cases of *H.E. Neumann Co. v. Lee*, Ky., 975 S.W.2d 917 (1998), *Ingersoll–Rand Company v. Whittaker*, Ky.App., 883 S.W.2d 514 (1994), and *City of Frankfort v. Rogers*, Ky.App., 765 S.W.2d 579 (1988). However, appellant's reliance on those cases is misplaced as, in each instance, the employers never provided the DWC with notice that TTD payments had been terminated or in one case, that an injury had even occurred. As a result, the DWC, in these cases, did not provide notice to the employees of the two-year statute of limitations applicable to

their claims. Here, by contrast, although the notice which appellee provided to the DWC three days after termination of TTD payments evidently was not complete and did not trigger the DWC's sending of notice to appellant, appellee did provide the DWC with complete notice of the termination of TTD payments some eleven moths later. The DWC, in turn, provided appellant with notice of her rights concerning the time in which she could file a claim, thereby allowing her some thirteen months in which to file a timely claim.

As noted by the Board, appellant "failed to show how that period of noncompliance deprived her of notice concerning the need to file a claim and the applicable period of limitations prior to the running of that period." There is nothing in the record to indicate that the tardiness of the letter so adversely affected appellant's rights so as to make it impossible for her to act in accordance with the statute of limitations.

For the reasons stated above, the opinion of the Worker's Compensation Board is affirmed.

MINTON, Judge, concurs.

COMBS, Chief Judge, dissents and files separate opinion.

COMBS, Chief Judge, dissenting.

While I agree that the appellant did receive notice as to termination of payments within an arguably adequate time within which to seek counsel and to file a claim, the statute (KRS 342.185(1)) contemplates a *two-year* period following suspension of payments. The fact that the DWC delayed *eleven* months in sending that required letter of notice effectively deprived her of nearly one-half the time contemplated and provided to her by the General Assembly.

The statutory language should not be disregarded—especially where such a lengthy period of delay on the part of DWC is involved. Such logic could presumably justify a longer period of dilatory notification—thus by administrative *fiat* truncating even more the time provided by a clear statutory provision. The philosophy underlying Workers' Compensation legislation requires that it be liberally construed in favor of the injured employee— not in deference to bureaucratic notice procedures that run afoul of statutory limitation periods granted to the employee.

As her claim was timely filed if measured by the letter of notification, I would reverse the Board and allow this claim to proceed.