RENDERED:  OCTOBER 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0603-WC

LEWIS DOOR SERVICE CO.                                              APPELLANT


                        PETITION FOR REVIEW OF A DECISION
v.                      OF THE WORKERS' COMPENSATION BOARD
                        ACTION NO. WC-15-51294


JOHN J. REKER; HONORABLE
MONICA RICE-SMITH,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                               APPELLEES


                                OPINION
                               AFFIRMING

                            ** ** ** ** **

BEFORE:  COMBS, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE:  Lewis Door Service Co. ("Lewis Door") appeals a

decision of the Workers' Compensation Board ("the Board") holding the

Administrative Law Judge ("ALJ") properly found Lewis Door's failure to provide

proper notification under KRS[1] 342.040(1) tolled the statute of limitations. After

careful review, finding no error, we affirm.

The Board summarized the pertinent facts as follows:

The sole issue on appeal concerns KRS 342.040(1) and the statute of limitations. Therefore, we will not discuss the medical evidence of record.

Reker filed a Form 101 on February 26, 2020 alleging he injured his right shoulder in the course of his job duties as a garage door installer for Lewis Door on June 1, 2015 while pushing on a spring. Reker was 64 years old when he was injured, and he has not worked since that date.

Lewis Door, as insured by KAGC/Ladegast & Heffner ("Ladegast"), filed a Form 111 denying the claim. It alleged Reker's claim was barred by the statute of limitations stating, "Claimant was 64 years old on date of injury and exhausted his income benefits. Subsequently, more than 2 years had passed by the time he filed his claim on 2/26/20."

Lewis Door filed electronic documents obtained through an open records request with the Department of Workers' Compensation ("DWC") reflecting Lewis Door submitted a first report for the work injury on June 15, 2015. Lewis Door submitted an "IP-initial payment" document on June 23, 2015, notifying the DWC that it initiated payment of TTD benefits on June 2, 2015. The records reflect Lewis Door filed multiple "BM-Bi Monthly" documents notifying the DWC that it continued to pay Reker weekly TTD benefits. The last record is a "S7-Suspension, Benefits Exhausted" document notifying the DWC that it paid Reker weekly TTD benefits in the amount of $488.09 from June 2,

---

[1] Kentucky Revised Statutes.

-2-

2015 through May 29, 2017 for a total of $50,761.36.

Lewis Door submitted a Pay Log Report for indemnity payments reflecting Reker's weekly TTD benefits were paid from June 2, 2015 to May 29, 2017 for a total of $50,761.36. Lewis Door also filed a Pay Log Report for $118,985.95 in medical expenses it paid on Reker's behalf from June 2015 through October 2018.

Reker testified by deposition on June 18, 2020 and at the final hearing held October 19, 2020. Reker was born on April 2, 1951. He began working as a service technician for Lewis Door in July 1995. Reker injured his right shoulder on June 1, 2015 as he was replacing a broken spring. Dr. Scott Kuiper performed a right rotator cuff repair on June 23, 2015, a revision rotator cuff repair on November 15, 2015, and a reverse total right shoulder replacement on August 25, 2016. Reker testified his right shoulder condition deteriorated after the total replacement, and he was eventually referred to Dr. Mark Smith for a second opinion. Dr. Smith performed a revision of the total right shoulder replacement on March 6, 2018.

Reker continued to treat with Dr. Smith through November 2018. Reker has never been released to return to his pre-injury job with Lewis Door, nor has he worked anywhere since June 1, 2015. Ladegast paid for all of his medical treatment. However, he stopped receiving TTD benefits on May 29, 2017. Reker called Terry Whiting ("Whiting"), an adjuster with Ladegast, to determine why his TTD benefits had ceased. Whiting informed him he stopped receiving TTD benefits "due to whatever law it was, that they didn't have to pay me anymore and I had to go on Social Security." He then applied for and began receiving Social Security retirement benefits.

Reker had a subsequent conversation with Whiting, who told him TTD benefits could be available

to him.  She advised the law had been reversed and he could start receiving TTD benefits again.  He did not understand how this could affect his regular Social Security benefits.  Reker informed Whiting he would call her back after he discussed this with his wife, but he has not spoken to her since then.

Reker had several previous work injuries while employed by Lewis Doors for which he received TTD benefits, but never filed a formal claim.  Reker did not receive a statute of limitations letter upon termination of TTD benefits for his previous injuries.  Reker testified no one from Ladegast ever advised him what statute of limitations meant, and he did not understand its meaning or implication before meeting with counsel in 2020.

Whiting testified by deposition on May 28, 2020.  She has been employed by Ladegast since August 2001 and was assigned to Reker's claim.  Whiting became aware of the holding in Parker v. Webster County Coal, 529 S.W.3d 759 (Ky. 2017), "when the decision was made."  Her supervisor notified the claims adjusters of the Parker decision.  Whiting testified she was provided a copy of the Parker decision at the meeting, and was told to be conscious of people's age and the duration of TTD benefits. Whiting testified her supervisor closely followed Reker's claim.

Whiting confirmed Ladegast paid Reker's medical expenses through at least October 2018.  She confirmed Reker was paid TTD benefits through May 29, 2017, when he reached age sixty-six. . . .

. . .

. . . Whiting could not recall if she believed Reker was statutorily prohibited from receiving additional TTD benefits as of May 29, 2017 pursuant to the Parker decision.  Whiting also testified she is familiar with House Bill 2 effective July 14, 2018, terminating benefits

at age 70. Whiting testified she believed Reker's statute of limitations expired on May 30, 2019, two years after the last payment of TTD benefits.

On September 28, 2018, Dr. Smith noted Reker underwent a revision of a right reverse total shoulder on March 8, 2018. He recommended additional physical therapy and restricted Reker from work. As of September 28, 2018, Whiting acknowledged the statute of limitations had not expired; Reker had undergone surgery for which his treating physician restricted him from work; Reker was not at maximum medical improvement; the old age Social Security retirement limitation contained in KRS 342.730(4) no longer applied; and the recent version of KRS 342.730(4) was effective and terminated benefits at age 70. Whiting stated TTD benefits were possibly payable as of September 28, 2018.

. . .

In the December 21, 2020 Opinion, the ALJ determined the June 1, 2015 work injury warrants a 22% impairment rating, and Reker is permanently totally disabled. The ALJ awarded PTD benefits subject to the limitations contained in the version of KRS 342.730(4) effective July 14, 2018, and medical expenses. The ALJ found Reker's claim was not barred by the statute of limitations because Lewis Door failed to satisfy the notice requirements contained in KRS 342.040.

Record ("R.") at 635-47.

Lewis Door filed a petition for rehearing, which the ALJ denied.

Lewis Door then appealed to the Board.

Lewis Door argued "it fully complied with the notice requirements contained in KRS 342.040," and "the ALJ erred in determining the statute of limitations was tolled due to its failure to provide proper notification." R. at 648. Lewis Door further argued "Reker's remedy lies with the Board of Claims against the Commonwealth of Kentucky or by filing a claim against the Commissioner in Circuit Court." *Id.* Lewis Door asserted the DWC's negligence in failing to send out a limitations notification upon receiving an S7 notification was why Reker was not notified of the limitations period.

The Board affirmed the decision of the ALJ based on the following reasoning:

> KRS 342.185(1) and KRS 342.040(1) operate together to toll periods of limitations until after the payment of voluntary income benefits ceases in order to protect injured workers from being lulled into a false sense of security by receiving income benefits and failing to pursue a claim. KRS 342.040(1) places an affirmative duty upon an employer who terminates or fails to make payments when due to notify the Commissioner of such failure. An employer who fails to comply with KRS 342.040(1) is estopped from raising the limitations defense because it effectively prevents the Commissioner from complying with its duty to advise the employee of his or her right to prosecute the claim. Billy Baker Painting v. Barry, 179 S.W.3d 860, 865 (Ky. 2005). *See also* H.E. Neumann v. Lee, 975 S.W.2d 917 (Ky. 1998). It is unnecessary to establish an employer acted in bad faith for it to be estopped from raising the statute of limitations defense. Id. Whether the statute of limitations is tolled due to an employer's failure to comply with KRS 342.040(1) depends on the

-6-

facts and circumstances of each case. <u>Colt Management Company v. Carter</u>, 907 S.W.2d 169, 170 (1995).

. . .

It is undisputed Reker sustained a work-related injury on June 1, 2015, for which he provided timely notice. It is also undisputed Lewis Door paid voluntary TTD benefits until May 27, 2017, and submitted an electronic form utilizing code "S7-Suspension, Benefits Exhausted" to notify the DWC that it paid Reker TTD benefits through May 29, 2017. The EDI event table sets forth many codes an insurer could use to notify the DWC of ceasing indemnity benefits which generates a statute letter. ("MTC Codes: 04, CD, S1, S2, S3, S4, S5, S6, S8, S9, SD will generate a statute letter.") However, the EDI event table specifically notes, "S7 will NOT generate letter." (original emphasis). A statute letter was not generated or triggered since Ladegast utilized the S7 code, presumably because Reker had reached the age limitation contained in the previous version of KRS 342.730(4).

When Reker's TTD benefits were stopped, the Kentucky Supreme Court had already issued <u>Parker v. Webster County Coal</u>, <u>supra</u>, holding the age limitation contained in the 1996 version of KRS 342.730(4) is unconstitutional. The Parker decision became final in November 2017, prior to Reker undergoing his fourth surgery. The current version of KRS 342.730(4) became effective July 14, 2018, terminating benefits at age seventy or four years after the date of injury, whichever occurs later. In <u>Holcim v. Swinford,</u> 581 S.W.3d 37 (Ky. 2019), the Kentucky Supreme Court determined the amendments to KRS 342.730(4) were retroactive to all claims still pending on the effective date of the statutory changes.

Given the unique circumstances of this claim, we find the ALJ did not err in determining the statute of

-7-

limitations was tolled due to Lewis Door's failure to provide proper notification required by KRS 342.040(1). Although Lewis Door notified the Commissioner when it terminated Reker's TTD benefits in accordance with the previous version of KRS 342.730(4), the law subsequently changed with retroactive application. As noted by the ALJ, the Court rendered Parker v. Webster County Coal, supra, on April 27, 2017, finding the previous version of KRS 342.730(4) unconstitutional. Parker v. Webster County Coal, supra, became final on November 2, 2017. We agree with the ALJ's determination that as of November 2, 2017, Lewis Door's basis for terminating Reker's TTD benefits was no longer valid.

. . .

We decline to limit the "fails to make payments when due" language contained in KRS 342.040(1) to only those circumstances where no TTD benefits have been paid. . . .

. . .

Finally, Lewis Door argues Reker's remedy lies with the Board of Claims or Circuit Court. We disagree. The Supreme Court in Kentucky Container Services, Inc. v. Ashbrook, 265 S.W.3d [793, 795-96 (Ky. 2008)], stated as follows:

> KRS 342.990 provides civil and criminal penalties for an employer's failure to comply with KRS 342.040(1), but Chapter 342 provides no remedy for the affected worker. Thus, the courts have turned to equitable principles when the circumstances warranted and estopped employers who failed to comply strictly with KRS 342.040(1) from asserting a limitations

-8-

> defense, even in the absence of bad faith or misconduct.

R. at 648-55.

The Board affirmed the ALJ's December 21, 2020 Opinion, Award, and Order and the January 21, 2021 Order. This appeal followed.

On appeal, Lewis Door argues: (1) it had no duty to generate a statute letter as it provided notice to the DWC under KRS 342.040(1); (2) it had no duty to provide the DWC with additional notice regarding Reker's TTD benefits after *Parker* became final; and (3) it is entitled to rely on the statute of limitations even though Reker never received a statute letter. Lewis Door's arguments center around whether the Board properly affirmed the ALJ's determination that its failure to strictly comply with the notice requirement under KRS 342.040(1) required tolling of the two-year statute of limitations under KRS 342.185(1).

KRS 342.185(1) establishes a two-year statue of limitations for workers' compensation claims:

> Except as provided in subsections (2) and (3) of this section, no proceeding under this chapter for compensation for an injury or death shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the happening thereof and unless an application for adjustment of claim for compensation with respect to the injury shall have been made with the department within two (2) years after the date of the accident, or in case of death, within two (2) years after the death, whether or not a claim has been made by the employee himself or herself for

compensation. The notice and the claim may be given or made by any person claiming to be entitled to compensation or by someone in his or her behalf. If payments of income benefits have been made, the filing of an application for adjustment of claim with the department within the period shall not be required, but shall become requisite within two (2) years following the suspension of payments or within two (2) years of the date of the accident, whichever is later.

KRS 342.040(1), in pertinent part, requires:

If the employer's insurance carrier or other party responsible for the payment of workers' compensation benefits should terminate or fail to make payments when due, that party shall notify the commissioner of the termination or failure to make payments and the commissioner shall, in writing, advise the employee or known dependent of right to prosecute a claim under this chapter.

Below, Lewis Door bore the burden of proof because KRS 342.040 "and principles of equity require that the employer bear the consequences." *Ingersoll-Rand Co. v. Whittaker*, 883 S.W.2d 514, 515 (Ky. App. 1994). "Where the ALJ finds against the party with the burden of proof, the standard of review on appeal is whether the evidence compelled a contrary finding." *Livingood v. Transfreight, LLC*, 467 S.W.3d 249, 254 (Ky. 2015) (citing *FEI Installation, Inc. v. Williams*, 214 S.W.3d 313 (Ky. 2007)). The ALJ, as "fact-finder[,] has the sole discretion to determine the quality, character, and substance of evidence and to draw reasonable inferences from the evidence." *Magic Coal Co. v. Fox*, 19 S.W.3d 88, 96 (Ky. 2000) (citations omitted). "The function of further review of

-10-

the [Board] in the Court of Appeals is to correct the Board only where the . . . Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). "The crux of the inquiry on appeal is whether the [ALJ's] finding . . . is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law." *Ira A. Watson Dep't Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000) (citing *Special Fund*, 708 S.W.2d at 643).

In *Davis v. Blendex Company*, 626 S.W.3d 523 (Ky. 2021), the Kentucky Supreme Court reaffirmed the application of equitable estoppel in instances where the employee did not receive notice of the statute of limitations. It is well-established Kentucky courts have "'turned to equitable principles when the circumstances warranted and estopped employers who failed to comply strictly with KRS 342.040(1) from asserting a limitations defense, even in the absence of bad faith or misconduct." *Id.* at 532 (quoting *Hitachi Automotive Products USA, Inc. v. Craig*, 279 S.W.3d 123, 125 (Ky. 2008). However, the Court cautioned that "estoppel is an equitable remedy and that the appropriateness of its application depends on the facts and circumstances of each case." *Id.* (citations omitted). Application of estoppel requires the satisfaction of four elements:

> 1.) acts, language, or silence amounting to a representation or concealment of material facts; 2.) the

-11-

facts are known to the estopped party but unknown to the other party; 3.) the estopped party acts with the intention or expectation that the other party will rely on its conduct; and 4.) the other party does so to its detriment.

*Id.* (quoting *Craig*, 279 S.W.3d at 125-26). In sum, tolling is the appropriate remedy under the specific facts of a case where "for one reason or another, the employer failed to meet its notice requirements under KRS 342.040(1) resulting in the employee never being informed of his or her right to prosecute a claim or the applicable statute of limitations." *Id.* at 532-33.

As discussed above, Lewis Door "exhausted" Reker's TTD benefits under the now unconstitutional version of KRS 342.430(4) when he turned 66 years old on May 29, 2017. The Kentucky Supreme Court rendered the *Parker* decision on April 27, 2017, holding the age limitation in the 1996 version of KRS 342.430(4) unconstitutional. *Parker* became final on November 2, 2017, and Reker subsequently had his fourth surgery. The current version of KRS 342.730(4) became effective on July 14, 2018, which terminates benefits at age 70 or four years after the date of injury, whichever occurs later. Then in *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019), the Kentucky Supreme Court determined the amendments to KRS 342.730(4) were retroactive to all claims still pending on the effective date of the statutory changes.

The Board held the ALJ did not err in finding Lewis Door's failure to provide proper notification of the statute of limitations required by KRS

342.040(1) required tolling of the statute of limitations. Under the unique circumstances of this case, the retroactive application of the new version of KRS 341.730(4) meant that Lewis Door's basis for terminating Reker's TTD benefits was no longer valid. The Board determined Lewis Door knew, after the rendition of *Parker*, that Recker was still entitled to benefits and that S7 was no longer the appropriate notification for the claim. Despite this knowledge, Lewis Door argues the blame should be placed on the DWC, and it did not have a duty to attempt to correct the now inappropriate notice.

Even in situations where "the employer attempted in good faith to satisfy its notice requirements, but was unsuccessful," the Kentucky Supreme Court has upheld the tolling of the statute of limitations under KRS 342.040(1). *Davis*, 626 S.W.3d at 533. The Court has held "that the equities favored the claimant." *Id.* at 534 (quoting *Bill Baker Painting v. Barry*, 179 S.W.3d 860, 865 (Ky. 2005)). Thus, even if Lewis Door's decision not to correct the notice when it was clear Reker was due benefits until age 70 under the new version of KRS 342.730(4) was made in good faith, Reker should not be penalized for Lewis Door's failure to strictly comply with KRS 342.040(1). Through no fault of his own, Reker clearly did not receive a statute of limitations letter. "The statute and principles of equity require that the employer bear the consequences." *Whittaker*, 883 S.W.2d at 515.

-13-

For the foregoing reasons, we affirm the opinion of the Workers'

Compensation Board.

ALL CONCUR.


BRIEF FOR APPELLANT:

John S. Harrison
Louisville, Kentucky

BRIEF FOR APPELLEE JOHN J. REKER:

Scott C. Justice
Louisville, Kentucky